## MILLAR *v.* FARRAR.

If a plea, in bar of a writ of error, answer only a part of the errors assigned, it is bad on demurrer.

A release of errors, executed for the purpose of procuring an injunction, may be pleaded in bar of a writ of error, although the injunction had been refused and the bill dismissed.

ERROR to the *Dearborn* Circuit Court.

HOLMAN, J.—*Farrar* obtained a judgment against *Millar,* on scire facias, in the *Dearborn* Circuit Court, the record of which was afterwards consumed by fire. A motion was made, agreeably to the act of assembly, to re-instate said judgment; and the judgment was re-instated accordingly. To reverse which this writ of error is prosecuted. Errors are assigned in the original judgment, in the notice to re-instate the judgment, and in the judgment as re-instated.

The defendant in this Court pleads, first, in nullo est erratum. Secondly, a release of all errors in the judgment on scire facias. And thirdly, that after the rendition of the judgment on scire facias, and after the rendition of the judgment on the motion aforesaid, and after the re-instating of the said judgment, the said *Millar* made his release in writing, sealed with his seal and filed in the clerk's office of the *Dearborn* Circuit Court as required by law; a copy whereof duly authenticated, &c. is to the Court now shown, whereby he released all errors in law in the proceedings, rendering, and final restoration of said judgment; and this he is ready to verify, &c. The plaintiff demurs to the second plea. To the third plea he replies, that the release in said plea alleged was executed by him, at the time in said plea mentioned, for the purpose of procuring an injunction to stay further proceedings on said judgment at law, and for no other consideration whatever; and he avers that he whol-

MILLAR
v.
FARRAR.

ly failed to procure an injunction, and that he has since dismissed his bill in which said injunction was prayed; and this he is ready to verify, &c. To this replication the defendant demurs.

The second plea is not good. It is pleaded in bar to the writ of error, but it only answers to a part of the errors assigned. The plaintiff's demurrer must therefore be sustained. The release set forth in the third plea covers the whole assignment of errors. The case therefore rests on the validity of that release. That release, it seems from the pleadings, was a statutory release, filed in the clerk's office for the purpose of obtaining an injunction; and the plaintiff contends, that as he did not obtain an injunction, and afterwards dismissed his bill, that the release is not obligatory on him. In support of this position he relies upon the case of *Clark* v. *Goodwin*, 1 Blackford, 74. But the release in that case had no legal resemblance to this. That release was not under seal; it did not comply with the statute; and for the purpose for which it was filed it was a nullity. As the party that executed it could not legally obtain any advantage by virtue of it, no principle of law would authorise it to be set up against him as an effective release. Here the release, under the pleadings, must be considered as good and valid in itself, and when filed it was completely operative for all the purposes for which it was executed. It immediately enured to the plaintiff's benefit to the full extent contemplated by law; that is, it removed one statutory barrier out of his way in obtaining an injunction. If through some neglect of other statutory requisitions, or a want of equity, he failed to obtain the contemplated relief, that failure could not have a retrospective effect and render the release inoperative. The release still remains in full force, and the plaintiff by virtue thereof may even now, or at any time hereafter, obtain an injunction to stay any proceedings that may be had on that judgment, provided he complies with the other necessary pre-requisites. The release is therefore well pleaded against him, and is a bar to the writ of error.

*Per Curiam.*—The writ of error is barred, with costs.

*Test*, for the plaintiff.

*Dunn*, for the defendant.