Nov. Term,
1835.

M'CRACKEN
v.
GREGORY.

Saturday,
December 5.

ROBINSON, Assignee, v. BROWN.—In error.

A PROMISSORY note, executed by *Ryland T. Brown* and *Alexander Gregg* and payable to *Joseph S. Burr*, was endorsed by the payee as follows: "Mr. *Gregg*,—Pay the within to *Jesse Robinson*. (Signed) *Joseph S. Burr*." *Held*, that this endorsement did not transfer the legal ownership of the note to *Robinson*, and authorise him to maintain a suit on it against the makers or either of them, in his own name.

---

ADAMS v. BEEM and Another.—In error.

Tuesday,
December 8.

IF the defendant in a Court of error rely upon a release of errors, the release must be specially pleaded (1).

(1) To an assignment of errors, the defendant may plead or demur. Pleas in error are common or special. The *common* plea, or *joinder* as it is more frequently called, is *in nullo est erratum*, or that there is no error in the record or proceedings; which is in the nature of a demurrer, and at once refers the matter of law arising thereon to the judgment of the Court. *Special* pleas contain matters in confession and avoidance, as a release of errors, or the statute of limitations, &c.; to which the plaintiff in error may reply or demur. 2 Tidd's Prac. 1150, 1154.

---

M'CRACKEN v. GREGORY,—In error.

Tuesday,
December 8.

TRESPASS *vi et armis*. Plea, not guilty. At the *October* term, 1833, the cause by a rule of Court was referred to arbitration. At the *October* term, 1834, the arbitrators returned their award, by which they merely say that they find for the defendant. The plaintiff being then called and not answering, the suit was dismissed at his costs. The plaintiff sued out a writ of error, and the judgment was affirmed with costs.