PITZER
v.
HARMON.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

J. T. *Brown* and E. *Dumont*, for the appellant.

J. *Ryman* and P. L. *Spooner*, for the appellee.

---

PITZER *v.* HARMON.

The discharge of a promissory note by a surety by giving his own note not negotiable by the law-merchant, and which he has not paid, does not authorize him to sue his principal for money paid.

Tuesday,
June 23.

APPEAL from the *Boone* Circuit Court.

DEWEY, J.—Assumpsit for money paid by the plaintiff to the defendant's use. Plea, the general issue; trial by the Court; and judgment for the plaintiff.

The facts are as follows: The defendant was indebted to a third person by a promissory note, to which the plaintiff was surety. The plaintiff to avoid a suit made an arrangement with the creditor, by which he gave his individual note (not negotiable by the law-merchant) which was received in discharge and satisfaction of the joint note of the defendant and plaintiff. The note so given in lieu of the other note had not been paid when this action was commenced.

We do not think an action for money paid can be sustained under these circumstances. To support an action in that form *money* must have been actually paid, or something equivalent to the payment of money must have taken place. In this cause the plaintiff had paid no money, nor done any thing which could be construed into the payment of money. He had, it is true, caused the debt of the defendant for which he was surety to be discharged; but he did it by giving a new security: he gave only his promise to pay. It is well settled in *England* that the giving of new security (unless perhaps when it consists of negotiable paper) is not sufficient to support an action for money paid, although the original debt be merged in an obligation of a higher nature.—*Max-*

*well* v. *Jameson*, 2 B. & Ald. 51.—*Taylor* v. *Higgins*, 3 East, 169.—*Power* v. *Butcher*, 10 B. & C. 329. See, also, *Cumming* v. *Hackley*, 8 Johns. 202.

The note given by the plaintiff in this cause in satisfaction of the debt for which he was bound, was not negotiable by the law-merchant, and cannot, so far as this question is concerned, be distinguished under the laws of this state from a bond, which was the new security given in the above-cited cases. We are aware that *American* decisions may be found which do not comport with this opinion. But we think it somewhat unsafe to establish the doctrine, that a surety who has discharged the debt of his principal by a new security, may turn round and sue him for money. which he has not paid, and perhaps may never pay.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. W. Wick* and *L. Barbour*, for the appellant.

*H.* and *H. Brown*, and *A. G. Porter*, for the appellee.