### COMLEY and Wife *v.* HENDRICKS.

Bill in chancery against husband and wife. The husband answered alone and confessed the bill. *Held*, that a decree against both without other evidence was erroneous.

The practice in such suit is for the wife to join with her husband in an answer; but her admissions in the answer are not evidence against her.

If a person mortgage several tracts of land, one of which he had previously conveyed to a third person by a deed duly acknowledged and recorded, such third person need not be a party to a bill of foreclosure on the mortgage.

ERROR to the *Jefferson* Circuit Court.

*Monday,
November* 23.

DEWEY, J.—This was a bill of foreclosure and for the sale of mortgaged premises, brought by *Hendricks*, the mortgagee, against *Comley* and his wife, the mortgagors. The defendants appeared, but the husband only answered. He admitted the bill to be true; but alleged that several years before the execution of the mortgage, he sold and conveyed one of the tracts of land contained in the mortgage to one *Absalom Comley*, by a deed duly acknowledged and recorded. No steps were taken to procure the answer of the wife. The cause was submitted upon bill, answer, and exhibits, without any evidence whatever. The Court decreed against both defendants a foreclosure of the equity of redemption, and a sale of the mortgaged premises, "saving and reserving the rights of *Absalom Comley* in the premises, if any he hath."

This decree is erroneous. There was nothing to authorize a decree against the wife. The regular course of practice was for the wife to join in the answer of her husband. Story's Eq. Pl. 670.—Coop. Pl. 325. But had she so joined and admitted the bill to be true, the answer would have been considered only as the answer of her husband, and her admissions would not have been evidence against her. Gresley's Eq. Ev. 24.—*Hodgson* v. *Merest*, 9 Price, 556.—*Elston* v.

Nov. Term,
1846.

*Wood*, 2 M. & K. 678.—1 Smith's Ch. Pr. 253. The wife should have joined in the answer of her husband; and the, allegations of the bill should have been proved to authorize a decree against her.

It is contended that the decree is erroneous because *Absalom Comley* was not made a party. But we do not consider it essential that he should have been a party. No decree could have been rendered against him; nor could his rights have been prejudiced by any decree in this cause, even had they not been saved by the terms of the decree.

It should be remarked that the description of the premises in the decree is entirely too vague.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*M. G. Bright*, for the plaintiffs.
*D. Wallace*, for the defendant.