Nov. Term, 1851.

BENNETT v. BUCHANAN.

---

## BENNETT *v.* BUCHANAN.

A surety, who has discharged a judgment rendered against him for a debt of his principal, by executing a note not negotiable by the law-merchant, and a mortgage, for the amount of the judgment, cannot sue his principal for money paid until he has paid the note and mortgage, or a part thereof.

ERROR to the *Huntington* Circuit Court.

*Tuesday, November 25.*

BLACKFORD, J.—*Buchanan* brought this suit against *Bennett* for the recovery of money alleged to have been paid by the plaintiff as security for the defendant, his principal. The suit was commenced, under the statute, by notice and motion.

The notice, which stands in the place of a declaration, states that, on the 30th of *December,* 1843, the defendant, as principal, and the plaintiff, with others as sureties, executed a joint and several promissory note for the payment, six months after date, of 670 dollars to *Elias Murray* and *Patrick McCarty,* administrators of *Daniel Johnson,* deceased; that, on the 3d of *March,* 1846, the said *Murray* and *McCarty* sued the now plaintiff, *Buchanan,* in the *Huntington* Circuit Court, on the said note, and, on the 17th of *March,* 1846, recovered judgment against him, in the suit, for 782 dollars and 22 cents, with costs; that on

the 18th of *August,* 1849, the now plaintiff fully discharged said judgment to said *Murray.* The notice concludes by saying that, by virtue of the premises, the now defendant, *Bennett,* as the principal debtor, became liable to pay the now plaintiff, *Buchanan,* as his surety, the sum of 942 dollars and 18 cents, that being the amount of said judgment, interest, and costs.

The defendant pleaded the general issue.

The cause was submitted to the Court, and judgment rendered for the plaintiff.

On the trial, the note and judgment described in the notice were proved.

The evidence relative to *Buchanan's* payment of the judgment is as follows:

The following entry on the judgment-docket of the *Huntington* Circuit Court:

" *Elias Murray* and *Patrick McCarty* v. *Joseph Buchanan.* Assumpsit. Date of judgment, *March* 18, 1846. Amount of judgment, $782.22. Received the amount of the within judgment in full, and the same is hereby discharged. *August* 1st, 1849. *Elias Murray,* adm'r."

The said *Murray* was examined as a witness. He stated that he had signed said receipt, and that said judgment was paid and discharged by *Buchanan* by his giving a promissory note for the sum of 942 dollars signed by him and payable to the witness; that the last mentioned note was amply secured by a mortgage, on real estate, but was still due and unpaid. The witness further stated that said judgment had been in no other way paid or discharged. The plaintiff also proved the amount of costs in the suit in which said judgment was rendered.

There was no other evidence.

The only question in this cause is, whether or not the evidence supports the action.

The suit is for money paid by a surety for his principal. The evidence of the payment is the plaintiff's discharge of a judgment which had been rendered against him for the debt for which he was surety; the discharge being

procured by means of a note and mortgage as above stated.

There are some cases favorable to the plaintiff's recovery, but the weight of authority is against him. The correct doctrine seems to be, that an action, like the present, for money paid will not lie, without proof of an actual payment of money, or that which is equivalent to such payment. In this case there was no payment of money, nor was there anything equivalent to such payment. There were, to be sure, a note and mortgage given and received in satisfaction of the judgment, but that was not sufficient. Had the plaintiff shown that the note thus given and received was negotiable by the law-merchant, the case would have required more consideration. We have heretofore had a case very similar, in principle, to the present one. There a note, not negotiable by the law-merchant, had been given by the surety to the creditor and received by the latter in satisfaction of the original debt. The surety afterwards, but before payment of said note, sued his principal for money paid, relying on his having thus satisfied the original debt. The Court held that the suit would not lie. The ground of that decision is, that the plaintiff had paid no money, nor done anything equivalent to such payment. *Pitzer* v. *Harmon*, 8 Blackf. 112. It will be time enough for the plaintiff when he shall have paid his note and mortgage, or, at least, a part thereof, to sue his principal for money paid.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt*, for the plaintiff.

*R. Brackenridge, Jr.*, for the defendant.