May Term,
1852.

WORK
v.
DOYLE.

- - - - - - - - - -

## WORK and Others *v.* DOYLE and Others.

Where the subject-matter of a bill against husband and wife relates to the inheritance of the wife, a decree against both upon the answer of the husband on behalf of himself and the wife confessing the bill, is erroneous.

It is error to render a decree by default, in such a case, against a married woman.

*Monday,
June 14.*

ERROR to the *Tippecanoe* Circuit Court.

PERKINS, J.—*Reynolds* and others, the assignees of a mortgage, brought a bill of foreclosure against the heirs of the mortgagor, *Simon P. Doyle*, deceased. Three of the heirs, viz., *Hester Work*, formerly *Hester Doyle*, *Betsey Jackson*, formerly *Betsey Doyle*, and *Louisa J. Reynolds*, formerly *Louisa J. Doyle*, were married women. The bill contained the following among other allegations: "Your orators further show that there is a mistake in the said indenture of mortgage in the description of said mortgaged lands; that instead of the west fraction of the

north-east quarter of section two as written in said mortgage, the parties to the said mortgage meant and intended the north fraction of the north-east quarter of the same section." The husbands of two of said heirs answered for themselves and in behalf of their wives respectively. There was no answer by one of them, viz., *Louisa J. Reynolds*, nor was there by her husband.

The Court decreed that so much of said bill as was not denied by the answers should be taken as confessed against the defendants.

There was no proof as to the alleged mistake in the mortgage, nor was there as to some other of the material allegations in the bill.

The Court ordered said alleged mistake to be corrected, and rendered a final decree of foreclosure and for the sale of the land against all the defendants.

In Dan. Ch. Pl. and Pr., Perk. ed., vol. 1, p. 197, it is said:

" Where a *baron* and *feme* are made defendants to a suit relating to personal property belonging to the *feme*, and they put in a joint answer, such answer may be read against them for the purpose of fixing them with the admissions contained it; but where the subject-matter relates to the inheritance of the wife, it cannot; and the facts relied upon must be proved against them by other evidence."

The latter of these two rules was applied by this Court, in *Comly and Wife* v. *Hendricks*, 8 Blackf. 189, which was a suit to foreclose a mortgage.

The Court below erred, therefore, in rendering a decree without proof of the material allegations in the bill.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. Pettit, S. A. Huff, R. C. Gregory*, and *R. Jones*, for the plaintiffs.

*Z. Baird* and *J. E. McDonald*, for the defendants.