VEACH v. PIERCE.

A power of attorney purported to authorize a confession of judgment in the Circuit Court, in favor of the payee, "for the amount of the principal and interest that" might "be due on four certain promissory notes given by" the debtor. A judgment was taken, by confession of the attorney, for a sum which, the record stated, was the full amount of the principal and interest due, at the taking of judgment, on the four notes specified in the warrant; but the notes were not shown, by any extrinsic testimony, to be the same notes therein referred to. The defendant having taken an appeal, the clerk certified in the transcript that four notes, which he copied therein, were placed on file in his office when the warrant was filed, and that upon them the judgment was rendered.

*Held,* that the warrant did not sufficiently identify the notes to authorize the judgment.

*Held,* also, that the certificate of the clerk, in relation to the filing of the notes and that the judgment was rendered thereon, was no part of the record.

*Held,* also, that the defect in the proceedings was not cured by s. 580, p. 162, 2 R. S. 1852.

If the defendant in a Court of Error rely upon a release of errors, he must plead the release specially.

*Saturday,
December 16.*

APPEAL from the *Grant* Circuit Court.

DAVISON, J.—*Pierce,* at the *March* term, 1853, filed in the *Grant* Circuit Court, an instrument in writing which reads thus: "Know all men by these presents, that I, *Jesse Veach,* do appoint and constitute *Isaac Vandeventer* my lawful attorney in fact, and do hereby authorize him, or any other attorney at law practising in the *Grant* Circuit Court, for me and in my name, to waive process and the filing of a declaration, and to appear in said Court on the first or any subsequent day of the *March* term, 1853, and then and there confess against me a judgment in favor of *Henry Pierce* for the amount of principal and interest that may be due on four certain promissory notes given by said *Veach* to said *Pierce;* said judgment to be in accordance with the contract specified in said notes. I further release all error in the proceedings, and do ratify whatever my said attorney may lawfully do in the premises. Witness my hand and seal this 15th of *March,* 1853.—*Jesse Veach,* [SEAL.]"

The record shows that the execution of the above warrant of attorney was duly proved, and that *Vandeventer,*

the attorney therein named, and also an attorney at law of that Court, appeared, waived process and a declaration, and confessed that *Veach* was justly indebted to *Pierce* 4,370 dollars, being the full amount of principal and interest then due on the four notes specified in the warrant. And *Veach*, by his attorney, released all error in the proceeding. Thereupon the Court gave judgment for the plaintiff below.

The appellant contends that this judgment is irregular, because the notes which are alleged to be the cause of action, were not described in the warrant of attorney. *Gambia* v. *Howe*, 8 Blackf. 133, decides that "the nature of the liability must be disclosed with reasonable certainty, either in a declaration or in the warrant." The present case is clearly within that rule; the notes are merely referred to without date, amount, or other description. It is true, the clerk certifies that four notes, which he sets out in the transcript, were placed on file in his office at the time of the filing of the warrant, and that upon them judgment was rendered. But this purports to be a mere statement of the clerk, and, therefore, can not be regarded as a part of the record; nor was it shown that these notes were the same referred to in the warrant. The appellee contends that the alleged defect in the proceedings was cured by the judgment, and he relies on section 580, 2 R. S. 1852, p. 162. That section does not apply to the case before us, because the defect complained of is not of form but one of substance; nor does it appear "that the merits of the cause have been fairly tried and determined by the Court below."

Again, it is contended that the release of error in the warrant and judgment estops the appellant from calling in question the validity of the proceedings. What would have been the effect of the release, had it been set up by plea or answer to the assignment of errors, we are not called upon to decide. It is, however, settled law, that if the defendant in a Court of Error rely upon a release of errors, the release must be specially pleaded. *Adams* v. *Beem*, 4 Blackf. 128.— *Vick* v. *Maulding*, 1 How. Miss. 217.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. W. Gordon* and *H. P. Biddle*, for the appellant.

*J. Brownlee*, for the appellee.

