GAFNEY and Others *v.* REEVES.

Exhibits, under the chancery practice, might be proved by parol.

Evidence offered in proof of an exhibit may be placed upon record by a bill of exceptions.

Where proof of an exhibit was necessary to support a decree, it will be presumed to have been given, unless the contrary appear by bill of exceptions or be otherwise shown by the record.

APPEAL from the *Wayne* Circuit Court.

*Tuesday, December* 19.

PERKINS, J.—Bill to foreclose a mortgage. It alleges that one *Abraham Kinsey* owned the mortgaged property, and sold it to *Michael Gafney*, giving a bond for a deed, and that he had received the purchase-money. It further

alleges that afterwards, in 1849, *Gafney* and wife mortgaged said property to *Reeves* to secure the payment of a named sum of money, and that subsequently he executed a junior mortgage on the same property to one *Storms*, &c. It alleges that the money due to *Reeves* has not been paid, &c., makes *Kinsey*, *Gafney* and wife, and *Storms*, parties, and prays a foreclosure and sale, and that *Kinsey* be estopped to set up any right, &c. It avers that no suit has been instituted at law.

*Storms* made default. *Kinsey* and *Gafney* and wife demurred to the bill, the demurrer was sustained, and, they refusing to answer further, the cause, says the record, was set down for final hearing, "and the Court having heard the same," after due deliberation, find, &c.

The mortgage and note were made a part of the bill by incorporation.

The Court decreed that the defendants, by, &c., pay the amount found due to *Reeves* on his mortgage, and, in default, &c., that the property be sold to make the sum; that *Reeves* be first paid, *Storms* next, that *Gafney* pay the costs, &c., and that *Kinsey* be barred, &c. The decree is against *Gafney's* wife as well as the other defendants.

It is objected to this decree that it creates a personal liability on the part of *Kinsey* and *Storms* to pay the debt to *Reeves*. Not so. The whole proceeding shows plainly enough the relative situation of the several parties; and the legal effect of the decree is to give *Kinsey* and *Storms* the right to pay *Reeves* and be subrogated to his rights against *Gafney* and the mortgaged land. It gives them the right to redeem, and, in default of redemption, orders the property to be sold, &c.

It is objected that the decree is against *Gafney's* wife without proof. It is insisted that in chancery cases all the evidence given must appear in the record without a bill of exceptions.

Such is the rule of chancery practice in *England* and *America*. Such has been the rule in this Court. *Work et al.* v. *Doyle et al.*, 3 Ind. 436.—*Comley et ux.* v. *Hendricks*, 8 Blackf. 189.—*Ward et al.* v. *Kelley*, 1 Ind. 101, and cases

cited. The rule grew out of the fact that in chancery evidence is mostly by depositions, naturally copied into the record. In the case of a foreclosure of a mortgage, it is not often that the necessity arises for any proof except of the exhibits. No such necessity arose in the present case; and exhibits may be proved by parol. This has been long settled in *England* as well as in *America*.

Now, it is mere matter of practice how that parol evidence shall be placed upon the record, and being so, it might be regulated at any time by a rule of Court, or by a decision, which, of course, would constitute a rule; and this Court, by its later decisions, has declared that such evidence may be placed upon record by a bill of exceptions; and that it need not necessarily appear without a bill. *English* v. *Roche, ante*, p. 62, and case cited.

This being the case, where it is not so incorporated, it will be presumed to have been given, but not made a part of the record, unless the contrary be shown by the record. Hence, in this case, it will be presumed the proof was made.

It is said the bill does not show that *Kinsey* had been paid his purchase-money. We think it does.

It is urged that it was error to pay *Reeves* in preference to *Storms*. It was not, because the mortgage of *Reeves* was the oldest, and neither appears to have been recorded.

*Per Curiam.*—The decree is affirmed, with 5 per cent. damages and costs.

*O. P. Morton* and *N. H. Johnson*, for the appellants.

*J. B. Julian*, for the appellee.