## MILLER and Wife *v.* MACKLOT and Another.

By our practice, a warrant of attorney to confess a judgment is entered upon the record immediately preceding the judgment, and in effect becomes a part of it. Hence, where the warrant contained a release of errors and a waiver of the right of appeal, it was *held*, that the defendant could not appeal in violation of its terms.

APPEAL from the *St. Joseph* Circuit Court.

HANNA, J.—A complaint, in the usual form, together with a promissory note, two mortgages, and a warrant of attorney to confess a judgment, were filed, and an appearance entered, by the attorney thus authorized, for the defendants, and a judgment confessed by him, and a foreclosure of the mortgages, &c.

Seven errors are assigned, to which several assignments there is an answer, averring that said appellants are estopped by a release of errors contained in said warrant of attorney, from all right of appeal.

To this answer a demurrer is filed, which presents the first question for our decision.

The language used in the instrument is, "and we hereby release all errors, and waive all right of appeal."

The attorney who appeared for said defendants and confessed the judgment, did not, so far as the record discloses, release errors or waive the right of appeal, unless the above-quoted clause in the warrant of attorney, and the general confession of judgment thereon, had that effect.

Our statute upon the subject of confessing judgments has reference peculiarly to such a proceeding where no ac-

tion is pending. The 384th section is, that "The debt or cause of action shall be briefly stated in a writing, to be filed and copied into the judgment. The confession shall operate as a release of errors."

It is evident that the phraseology here used has application more immediately to confessions made in person by the judgment-defendant. It was so held in *McPheeters* v. *Campbell*, 5 Ind. R. 108, and that an attorney had no power to waive errors and the right to an appeal, unless authorized to do so by the power under which he acted, and that this statute did not render binding the act of an attorney in waiving errors where he was not so authorized. But that case does not decide the question here raised, as the appellant supposes.

Attorneys, in this instance, as in many others, have rested satisfied that their duty to their clients was fully discharged when they had given their opinion of what the law ought to be, without taking upon themselves the trouble of finding out, from the authorities, what it really is. This mode of practice, whilst it is exceedingly convenient to attorneys who may be pressed with business, is equally as inconvenient to the Court required to give a written opinion, and often results in a delay of the attorney's business at the expense of his client.

In *Cave* v. *Massey*, 3 B. and C. 735 (10 Eng. C. L. 218), it was held by the Court of King's Bench, that where a defendant obtained time to plead in *Michaelmas* term, on the terms of giving judgment of that term, it must mean an available judgment. "If the writ of error had been brought then, it would have been returnable last term. By this breach of engagement, unless we quash the writ of error, the defendant would gain a term." The writ was set aside.

So in *Cates* v. *West*, in the same Court, 2 Durnf. and East, 183: "The defendant's attorney had undertaken that the debt should be paid if the plaintiff's attorney would give time, which the latter had agreed to do, provided no delay was intended on the other side. But after this agreement, the defendant had brought a writ of error.

The Court discharged the rule, considering the writ of error as sued out against good faith."

In *Baddely* v. *Shafto*, 8 Taunt. 434, "the defendant had given the plaintiff a warrant of attorney, &c., with a release of errors, in the common printed form. Default having been made, and the time for entering up judgment having expired, the plaintiff sued out a writ of *scire facias* to revive the judgment, to which the defendant pleaded. The cause was tried, and the plaintiff had judgment; upon which the defendant brought a writ of error." A rule had been obtained to have the writ of error set aside. The rule was made absolute.

These decisions appear to rest upon the principle, that it would be a species of bad faith, which ought not to be countenanced, for a party, in violation of an agreement not to do so, to resort to a writ of error.

Under our statute and practice, the warrant of attorney is copied, or entered upon the record, immediately preceding, and, in effect, becomes a part of, the judgment. We are of opinion, therefore, that it is so far an agreement, upon the part of the defendant, as to preclude him, at least whilst the acts of the attorney have been within his power, from his appeal, in violation of its stipulations releasing such right. The plaintiff, by taking his judgment in that form, accepts the agreement.

In the case at bar, there are none of the errors assigned, except the seventh, that the estoppel cannot be pleaded to. The seventh is, "that the Court rendered judgment for an amount greater than authorized by said power of attorney."

The answer is sufficient to all the assignments of error, except the seventh, to which it does not apply. The demurrer is, therefore, overruled.

As to the seventh assignment, the judgment is for the amount of the note and interest, which is some 7 dollars more than the sum mentioned in the power of attorney, as being the amount for which the attorney was authorized to confess judgment; but afterwards that amount ap-

Nov. Term, 1859.

pears to have been remitted by an entry of record. We see no error in this.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. F. Miller*, for the appellants.

*E. Egbert* and *J. A. Liston*, for the appellees.