Judah and Another *v.* Potter.

The judgment is affirmed with 1 per cent. damages and costs.

*Rand & Hall*, for the appellants.

*G. O. Behm*, for the appellee.

---

---

### JUDAH and Another *v.* POTTER.

It is not necessary that the holder of a note sued on should have the legal title in order to recover.

*A* gave his note to *B*, who assigned it to *C*, who sued *A* on it. *A* was security for *B* on two other notes to other parties, which *A* took up by giving his own notes to those parties, which are unpaid and are not commercial paper.

*Held,* that such facts did not create a cause of action or set off in favor of *A* against *B.*

APPEAL from the *Knox* Common Pleas.

PERKINS, J.—Suit upon a note executed by one *Potter* to *James Owen,* and assigned to *Judah.* The note is dated *February* 1st, 1860. The defendant answered:

1. General denial.
2. That the plaintiffs were not the legal owners of the note.
3. Payment.
4. That the defendant was security for *James Owen* on two notes; that he had taken up those notes by payment, and now offered to set them off against the plaintiff's cause of action.

Issues of fact were found. Trial; judgment for the defendant.

The judgment was wrong and must be reversed.

The plaintiffs gave the notes sued on in evidence. It was not necessary that they should have the legal title, though it seems that they did have it. No payment was proved. Nor was it proved that *Potter* had paid the notes on which he was surety for *Owen,* but the contrary. He had taken them up by giving his own note, not shown to have been commercial paper, for them which he had not paid. Such transaction did not create a cause of action or set off in favor of *Potter* against *Owen.. Bennett* v. *Buchanan,* 3 Ind. 49. It differed in toto from that in which one procures an assignment by the payee of a note or some third person for himself. In such transaction the assignee obtains a cause of action against a stranger. In the transaction in this case, he took up one cause of action against himself with others, by exchanging for it another cause of action against himself; and a right of action against a joint maker with him of the note taken up accrued to him only by virtue of payments actually made on such note for such joint maker.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings.

*Samuel Judah,* for the appellants.