*D. D. Pratt,* for the appellees.

———————— ✦ ————————

## PATTON *et ux. v.* STEWART.

Where a warrant of attorney authorizes A, or any other attorney of the Court in which the judgment is to be confessed, to appear and confess a judgment, and A, and B, another attorney of said Court, appear and confess the judgment, the same will be valid.

When the sheriff is about to sell land on an ordinary judgment, it is the right of the execution-defendant, and, perhaps, of the creditor, to claim that it should be sold in parcels, and to direct which parcel shall be first offered; and, if the land can be well sold in parcels, it is the duty of the sheriff thus to sell it; and the sale is voidable, but not void, if he does not.

Where a warrant of attorney, to confess a judgment and decree of foreclosure upon a mortgage and notes, in part due and in part not

due, provides, that "in the final judgment herein, the Court shall decide upon what subsequent default execution shall issue herein to collect the balance, in case the defendants shall pay the amount [installment] due, before the sale of the premises; and that, in case of sale, the whole of the plaintiff's debt and costs be paid; and the residue, if any, be paid to the defendants; and that they, (the defendants,) fix what parts, if the same be susceptible of division, be first sold," such warrant places the judgment, confessed in pursuance thereof, upon the footing of one where the install-ments are all due, and the Court need make no inquiry touching the divisibility of the mortgaged property, and the sale should be for the entire amount of the debt, and it is the business of the parties interested in the property, and the sheriff, to determine upon the divisibility of the premises.

The vendor's lien for purchase money, of land sold by him, is para-mount to the title of the wife by virtue of the marriage; but the wife, upon the foreclosure of a mortgage given to secure the pay-ment of purchase money, in which she joined with her husband, is entitled to redeem, and no personal judgment can be taken against her on such foreclosure.

A married woman can not bind herself by merely signing a warrant of attorney to confess a judgment; and her acknowledgment of the same before the clerk of the county court gives it no validity, as he is not authorized to take such acknowledgment.

APPEAL from the *Vigo* Circuit Court.

PERKINS, J.—Complaint for a review of a former judg-ment. Complaint dismissed on demurrer.

The judgment was for money secured by notes and mort-gage, rendered on a foreclosure of the latter, and was entered by confession, upon a warrant of attorney, signed by *William Patton* and *Sarah*, his wife. The warrant author-ized one *Scott*, or any other attorney of the Court, to confess the judgment, and to release all error. The entry of judg-ment did not contain a formal release of errors, pursuant to the authority in the warrant of attorney. The judgment was confessed by attorneys *Scott* and *Booth.*

Patton *et ux.* v. Stewart.

On the one side, it is contended, that the authority in the warrant to release error is operative, as a part of the judgment, by virtue of its being in the warrant, which goes upon the record; that the failure to incorporate the release in the judgment, is simply a defective execution of a power, which the Court will aid. On the other hand, it is contended, that it is a case of failure to execute a power, and the release, not being recited in the judgment, specially, is inoperative. We shall not find it necessary to decide this point. See, however, *Miller* v. *Macklot*, 13 Ind. 217. *Doolittle* v. *Lewis et al.*, 7 John. Ch. R. 45.

As to the attorneys appearing, under a warrant, to make the confession, we think the judgment was well enough confessed by *Scott* and *Booth*, under the general warrant.

A part of the notes was not due. The Court found the amount, covered by all of them, but fixed the payment in installments corresponding with the amounts and times specified in the notes. This was right. The Court did not inquire whether the mortgaged premises were divisible. Under the circumstances, this was not necessary.

When the sheriff is about to sell land upon an ordinary judgment, it is the right of the execution-defendant, and perhaps of the creditor, to claim that it shall be sold in parcels, and to direct which parcel shall be first offered; and, if the land can be well sold in parcels, it is the duty of the sheriff thus to sell it; and the sale is voidable, but not void, if he does not. *Cunningham* v. *Cassiday*, 17 (N. Y.) Court of Apps. 276. *West et al.* v. *Cooper*, at this term.

" Where land was sold under execution, consisting of separate, but adjoining tracts, but the sheriff and the purchaser were ignorant of the subdivision, and the defendant failed to inform the sheriff of the fact or direct a sale by parcels; held, *that the sale of the land in gross was valid.*" *Smith* v. *Randall*, 6 Cal. 47, also *Coxe* v. *Halstead*, 1 Green's Ch. 311 and *Penn* v. *Craig*, *Id.* 495.

So, on the foreclosure of a mortgage, where the whole amount is due, the Court, in rendering the original judgment, has nothing to do with the question of divisibility of the mortgaged premises; that is a matter for the sheriff and those interested in the property. But where a part only of the amount secured by a mortgage is due, and a sale is to be had to make that part, the Court should inquire, unless such inquiry is waived, as to the divisibility of the property mortgaged, in order that the security for the whole may not be consumed upon a sale for a part. In this case, the warrant of attorney for the confession of judgment contained this clause: "And in the final judgment herein, the Court shall decide upon what subsequent 'default execution shall issue herein to collect the balance, in case the defendants shall pay the amount [installment] due, before the sale of the premises; and that, in case of sale, the whole of the plaintiff's debt and costs be paid; and the residue, if any, be paid to defendants; and that they (that is the defendants) fix what parts, if the same be susceptible of division, be first sold." This stipulation places the judgment in question upon the footing of one where the installments are all due and the sale upon it is to make the entire amount, and the parties interested in the property to be sold are to determine, with the sheriff, upon its divisibility.

The debt which the mortgage was executed to secure, was, it is said, for the purchase money of the land mortgaged. The lien for that purchase money was paramount to the title of the wife by virtue of the marriage. Ind. Dig., p. 402. The Court, in rendering judgment, proceeded to ascertain the amount secured by the notes and mortgage, and which it adjudged *William Patton* personally liable to pay. It then proceeded to decree a sale of the mortgaged premises, and a foreclosure of the right of the husband and wife in the property, if they, or one of them, did not pay the debt. This was right. The wife had a right to redeem. The

Court then ordered that, in case of sale, and failure to realize the entire amount, the deficiency should be collected by sale of other property of the defendants.

This, as the whole face of the judgment showed, was a clerical error, which would have been, at once, corrected on motion. The order should have been against the defendant, *William*, alone. But this was matter of form, as the judgment showed enough on its face to make the correction by, and did not render a suit for review necessary. Notes to 2d G. & H., p. 280.

It is objected, that the wife could not make a power of attorney. It is replied, that it is not necessary to inquire as to that, in this case; that it was only necessary here that the instrument executed should operate as notice to her of the suit, and make her a nominal party to it; that it had that effect, especially as she appeared separately, at the court-house, and acknowledged before the clerk the execution of the warrant, for the purpose of foreclosure, etc., at, etc., in, etc.

In our opinion, the wife was no party to the suit. She was not competent to bind herself by simply signing the power of attorney. Her acknowledgment of it before the clerk was authorized by no statute of which we have any knowledge; and it is not shown that she appeared personally in Court to waive process.

It is, indeed, an elementary principle of the common law, "that a married woman has no power to bind herself by contract, or to acquire to herself and for her exclusive benefit, any right by a contract made with her." *Smith* v. *Bird*, 3 Allen's (Mass.) Rep. 34.

But even were she held to have been a party, the decree against her upon her confession, without proof, was erroneous. *Comly and Wife* v. *Hendricks*, 8 Blackf. 189. *Work* v. *Doyle*, 3 Ind. 436. The suit for review should have been sustained as to her.

The judgment below is reversed, with costs, and the cause remanded with instructions accordingly.

*R. W. Thompson* and *J. P. Baird,* for the appellants.

*Ballard Smith, B. B. Moffatt,* and *William Mack,* for the appellee.