AGARD v. HAWKS and Another.

APPEAL from the *Elkhart* Circuit Court.

RAY, J.—In this case the judgment was entered upon a power of attorney. It is insisted as error, and the point is presented in this court without any motion having been made in the court below, that no complaint was filed with the power of attorney. The statement of the intention to hold a mechanic's lien upon the premises described, on account of certain labor performed by appellees for appellant, with the amount of indebtedness, and when due, is made a part of the power of attorney, and contains, with the averment in that instrument, all that is required in such cases. *Veach* v. *Pierce*, 6 Ind. 48. *Gambia* v. *Howe*, 8 Blackf. 133.

The remaining objection taken by the appellant is, that although the affidavit attached to the power of attorney is duly signed by the appellant, yet the notary has failed to sign his name to the certificate. The record, however, does show affirmatively that "proof was made to the satisfaction of the court of the due execution of said power of attorney," and that the *affidavit of the appellant* was filed. Had the proper motion been made below, the court would, doubtless, have corrected what would seem, from the record, to have been a mere clerical omission.

The statement of the record is, however, conclusive, and the judgment is affirmed, with 10 per cent. damages.

*R. Lowry*, for appellant.

*J. H. Baker*, for appellees.