## Boyd and Another *v.* Crary.

PRACTICE.—*Release of Errors.*—A judgment in favor of A. against B. was rendered by confession, upon a warrant of attorney made by B., waiving the filing of a complaint and the issue and service of process, and setting out a copy of the note on which the judgment was confessed, and authorizing the attorney confessing to release all errors. The record shows that the execution of the power was proved to the satisfaction of the court, and also that the defendant waived all error. B. appealed, assigning for error the rendering of the judgment without a complaint being filed, and without proof of execution of the power, and that a judgment was rendered for the amount of attorney's fees mentioned in the note. A. answered to the assignment of errors, that the judgment was rendered by virtue of a power of attorney made by B.; that in the power B. expressly waived the filing of a complaint, and released all errors; that the execution of the power was duly proved to the satisfaction of the court; and that judgment was rendered waiving all error, and was only for the amount of principal and interest due upon the note, and contained no amount for attorney's fees.

*Held*, that the release of errors pleaded, the truth of which was sustained by the record, was a bar to the proceeding in error.

APPEAL from the Tippecanoe Common Pleas.

DOWNEY, C. J.— This was an action by the appellee against the appellants. The defendants appeared by counsel, appointed by warrant of attorney, and confessed judgment. The warrant of attorney, the execution of which, the record says, was duly proved to the satisfaction of the court, waived the filing of a complaint, and the issue and service of process, set out a copy of the note on which the judgment was confessed, and authorized the attorneys appointed thereby to release all errors. No complaint was filed, but the original note was filed, in addition to being set out in the warrant of attorney. After the rendition of judgment, the record informs us that "the defendants waive all errors in this behalf." Affidavit was filed as required by statute.

Three errors are assigned in this court: first, that the court erred in rendering judgment without any complaint being filed; second, that the court erred in rendering judgment without proof of the execution of the warrant of attorney; third, the court erred in rendering judgment for the

Boyd and Another *v.* Crary.

appellee for the amount of the attorney's fee mentioned in the note.

The appellee moved to strike out the assignment of errors, because it is frivolous and sham, and in direct contradiction of the record. This motion having been overruled, the appellee pleaded, by way of answer to the assignment of errors, that the judgment wherefrom the appellants appeal was rendered in the court below upon, and by virtue of, a power of attorney duly executed by said appellants, pursuant to statute, as appears upon reference to the record in this cause, and that by and in said power, said appellants expressly waived the filing of a complaint, and released all errors in the judgment, and the judgment was accordingly rendered, waiving all errors, the execution of the power being first duly proved to the satisfaction of the court below; that for his complaint in the court below, the appellee filed the original note made by the appellants, and described in said power of attorney; and that, by the terms of said note, the appellee was entitled to have added, as damages, to the principal and interest due on said note, reasonable attorney's fees; but that, in truth and in fact, the judgment was taken simply for said principal and interest due on said note, and no attorney's fees were included in said judgment. Wherefore the appellee saith that said appellants are estopped from taking this appeal, or complaing of the alleged errors specified in their assignment.

To this answer there was a demurrer by the appellants, on the ground that it did not state facts sufficient, &c., which was overruled, and the appellants replied by general denial.

We are of the opinion that the release of errors pleaded, the truth of which is sustained by the record, is a bar to the proceeding on error in this court. See *Miller* v. *Macklot*, 13 Ind. 217; *Agard* v. *Hawks*, 24 Ind. 276.

The judgment is affirmed, with five per cent. damages and costs.

*J. R. Coffroth* and *T. B. Ward*, for appellants.

*J. A. Stein*, for appellee.