## KELLER ET AL. *v.* BOATMAN.

PLEADING.—*Answer to Part of Complaint.*—An answer pleaded to the whole complaint, but which does not answer all the paragraphs of the complaint, is bad.

PRACTICE.—*Special Finding.*—*Replevin.*—A special finding in these words: "We, the jury, find that the plaintiff had a right to replevy the mill," amounts to no more than a conclusion of law, which the jury could not decide, and will not authorize a judgment for the possession of the property.

EVIDENCE.—*Married Woman.*—*Chattel Mortgage.*—A chattel mortgage alleged to have been made by a married woman and her husband, which is set out as an exhibit in a complaint for its foreclosure, and which is not denied under oath, may be read in evidence against the wife, without its execution having been proved.

SAME.—*Mortgage of Real Estate.*—So also may a mortgage made by a husband and wife upon the real estate of the husband be read in evidence against the wife, under like circumstances, without proving its execution.

PAYMENT.—*Commercial Paper Made by One for Debt of Himself and Others.*— A party liable with others, on a promissory note, who, after default in payment, paid the original note by his own negotiable paper governed by the law merchant, may, before the payment of his note, sustain an action against the other parties to the original note for money paid, etc.

PRACTICE.—*Misjoinder.*—A claim for the delivery of personal property ought not to be joined with a paragraph for money paid, but a judgment cannot be reversed for such misjoinder.

SAME.—Where no demurrer is filed to such complaint, but issues are formed

on each paragraph, and trial had, each should be governed by the rules of law peculiar to itself; and where error intervenes under either paragraph and not under the other, the judgment, when it is capable of separation, should be affirmed in part and reversed in part.

From the Hamilton Circuit Court.

*L. Barbour* and *C. P. Jacobs,* for appellants.

*J. T. Dye* and *A. C. Harris,* for appellee.

BIDDLE, J.—This case was originally commenced in the Tipton Circuit Court, by the appellee, against the appellants and others. It was afterward transferred to the Hamilton Circuit Court, by a change of the venue.

The complaint charges, that on the 1st day of July, 1868, Robert H. Keller and Hamilton Emmons purchased of the Eagle Machine Works, of Indianapolis, a portable steam circular saw-mill, and in part payment therefor executed three joint and several promissory notes, two for nine hundred and fifty dollars each, and one for nine hundred dollars, negotiable and payable at Fletcher's Bank, Indianapolis, waiving, etc.; signed by said Keller and Emmons, principals, and by Small and the appellee as sureties. The notes were made payable to the Eagle Machine Works, and by that company afterward endorsed to James B. Suitt, who, on the 16th day of November, 1869, commenced his action on the notes in the Marion Civil Circuit Court, against the makers, and payee and endorser, and on the 7th day of December, 1869, recovered judgment against the defendants for three thousand and thirty dollars and ten cents, and costs. Execution was duly issued on this judgment to the sheriff of Hamilton county, where the appellee resided, who, on the 29th day of September, paid the debt, interest, costs, etc.

Soon after the date of the notes, Emmons sold his interest in the saw-mill to Keller, who agreed to pay off the notes, and, to secure Emmons from liability, executed a mortgage, in which his wife, Sarah J. Keller, joined, on certain real estate in Tipton county, described in the mortgage, which was duly recorded. On the 11th day of July, 1868, Keller executed a mortgage on an undivided half of the saw-mill,

machinery, profits, etc., to Emmons and the appellee, to save them harmless from their liability on said notes; which last mortgage was duly recorded in Tipton county, wherein the mill at the time was situated. On the 23d day of July, 1868, Keller and wife executed a mortgage to Archibald Small, on a certain described forty acres of land in Tipton county, and on the saw-mill, boiler, machinery, profits, etc., to secure Small from liability on said notes. This mortgage was also duly recorded in Tipton county.

In both of the mortgages on the saw-mill, Keller was to retain possession of it until breach of the condition.

Boatman avers in his complaint, that by the payment of the debt he became subrogated to all the rights of Emmons and Small in these several mortgages.

The complaint further states, that on the 3d day of January, 1871, Keller and his wife conveyed the real estate so mortgaged to Mitchell Hammell, and that afterward, on the 21st day of February, 1871, said Small fraudulently, and without consideration, entered full satisfaction on the record of his interest in the mortgaged property.

There are some other averments in the complaint, such as, that the plaintiff is entitled to the possession of the saw-mill, has been, and will be, put to great expense, etc., which need not be more particularly noticed now. Prayer, that the plaintiff may have his judgment against Emmons and Keller; foreclosure of each of the mortgages; possession of the saw-mill; judgment against Small; that said fraudulent entry of satisfaction be set aside; that the lands and saw-mill be sold; general relief, etc.

There is a second paragraph in the complaint, against Keller alone, in the ordinary form of replevin, alleging the unlawful detention of the circular steam saw-mill, engine, boiler, machinery, saws, etc., and claiming possession.

Under this second paragraph, supported by affidavit, a writ was issued from the Tipton Circuit Court to the sheriff of Hamilton county, who took possession of the property, and, upon bond given, delivered it to the appellee.

Emmons, and the wife of Keller, and other defendants, were defaulted.

Keller and Small jointly answered :

1. By general denial.

2. Setting up the judgment and proceedings in the Marion Civil Circuit Court, alleging that the appellee therein answered by a cross complaint, to which a demurrer was filed and sustained.

3. Similar to the second.

Keller answered separately :

1. That the debt was paid by the appellee's having fraudulently taken the saw-mill, etc., by means of an illegal process.

2. Substantially the same as his first.

To each of these special paragraphs of answer, separate demurrers were filed, and properly sustained, if for no other reason, because they were pleaded to the whole complaint, and contained no answer to the second paragraph.

Upon the issue of general denial, a jury trial was had in the Hamilton Circuit Court, and a general verdict of two thousand three hundred and forty-six dollars and sixty cents rendered for appellee, with a special finding in these words : " We, the jury, find that the plaintiff had a right to replevy the mill ;" and also answers to several interrogatories.

The appellants moved the court for a *venire de novo*, and grounded their motion on the defective special finding in replevin. This motion was overruled, and exception taken. They then moved for a new trial, setting out causes, which motion was also overruled, and exception taken. The court rendered judgment on the verdict and on the default against Keller and Emmons, and in favor of the appellee, for two thousand three hundred and forty-six dollars and sixty cents, for the possession of the saw-mill, machinery, etc.; the foreclosure of the several mortgages; that the property be sold to pay the judgment; the surplus, if any, paid over; for execution, etc.

The judgment for the possession of the property in favor of

the appellee is erroneous. The verdict does not authorize it. The words in the verdict: " We, the jury, find that the plaintiff had a right to replevy the mill," amount to no more than a conclusion of law, which the jury could not decide. They express no fact on which such a judgment could be rendered. Besides, the evidence is all before us in a bill of exceptions, and there is nothing in it to sustain the appellee's right to the possession of said mill, under the second paragraph of the complaint.

We have thus disposed of errors one, two, three, four, five, and seven, leaving only the sixth yet to consider. This ruling also disposes of the instructions asked and refused, which refer to the second paragraph of the complaint.

The sixth assignment of error is, that " the court erred in overruling the appellants' motion for a new trial."

Certain other instructions to the jury were asked by the appellants, and refused by the court. This ruling they claim to be erroneous. The instructions were as follows:

" 4. A chattel mortgage alleged to have been made by a married woman and her husband cannot be foreclosed as against her, until proof has been made that she signed and executed the same."

There is no error in refusing this instruction. It does not appear that the wife had any interest in the property. The mortgage was set forth in the complaint, and filed with it as an exhibit. It was not denied under oath, and was therefore properly read to the jury without proving its execution.

Instruction 5 is confused, and so manifestly wrong that it requires no further notice.

" 6. The plaintiff can in no event recover of the defendants Keller and Small any greater sum than he had actually paid on debt or demand for which they were legally liable before the 16th of March, 1871, the date of the commencement of this suit."

This instruction was properly refused. The evidence shows us that the appellee paid the liability arising on the original notes by his own negotiable paper, governed by the law mer-

chant, running twelve months from September 29th, 1870; it was therefore not due March 16th, 1871. This paper, although not an "actual" payment, is a discharge of the parties to the original notes, and therefore was a sufficient payment by the appellee to enable him, as to that point, to maintain this suit. It was equivalent to a payment. This rule has been so held by this court since the decision of *Pitzer* v. *Harmon*, 8 Blackf. 112. See, also, *Bennett* v. *Buchanan*, 3 Ind. 47. The instruction is also wrong, because it assumes the 16th of March, 1871, as the date of the commencement of the suit. If that date was important to the case, it was necessary to prove it to the jury, and not assume it as a fact in the instruction.

The point arising on instruction 7 is decided by the ruling just made on instruction 6.

" 8. The original notes given by plaintiff, with defendants Keller and Small and Emmons, if paid by Boatman, were satisfied and discharged, and no action will lie against the defendants Keller and Small, by Boatman, thereon."

Boatman does not sue upon those notes; his action is founded on " money paid" in the discharge of the notes, as surety upon them. This instruction, therefore, is wholly irrelevant, and was rightly refused.

Holding the instructions, as above asked for by the appellants and refused by the court, to be wrong, necessarily decides that the instructions which were applicable to the first paragraph of complaint, and given by the court on its own motion, are right. We need not, therefore, examine them separately.

The court, over the objection of the appellants, allowed the appellee to read as evidence to the jury a certified copy of the mortgage on lands, made by Keller and wife to Small, without proving its execution. The mortgage was set out in the complaint, and properly made an exhibit. There was no answer filed denying its execution on oath, and we have just decided that to so read the chattel mortgage was not error. But it is claimed, that as against the wife who has an interest in the lands of her husband, to read this mortgage to the jury

without proving its execution by her, was erroneous. The point thus made has never been fully decided by this court, as far as we are now aware. Some light, however, is thrown upon the question in *Harlan* v. *Edwards*, 13 Ind. 430. This court, however, has decided that the wife in such cases has a right to defend separately from her husband. *Bowers* v. *Van Winkle*, 41 Ind. 432. And we are supported in this view by the decisions of other states. *Coolidge* v. *Parris*, 8 Ohio St. 594.

The reason of the rule that no decree could be taken against the wife on default in such cases was, that the disability of the coverture prevented her from defending in her own right separately from her husband. *Comley* v. *Hendricks*, 8 Blackf. 189. But this was before the enactment of our code.

Since the disability of the wife to defend, separately from her husband, in her own right has been removed, and since this court has decided that she can so defend on equal terms with any other defendant, we see no reason in keeping up a distinction in the practice of the courts in reference to her rights. When the reason fails, the rule should fail. We think this is the true interpretation of the code, and supported by the decisions. 2 G. & H. 41, secs. 8, 9, and cases above cited. If we are correct in this reasoning, it conducts us to the conclusion that the court did not err in allowing the mortgage to be read to the jury as evidence against the wife.

There is a, misjoinder of causes of action in the complaint. A claim for the delivery of personal property ought not to be joined with a paragraph for money paid. The judgments are inconsistent, and unlike in kind. Such a misjoinder, however, is not a ground on which a case can be reversed in this court, under any circumstances. 2 G. & H. 81, sec. 52.

The appellants did not demur to the complaint. Issues were formed and trial had on both paragraphs. In such cases, we think each paragraph should be governed by the rules of evidence, instructions to the jury, and form of the verdict, peculiar to itself; and where error intervenes under either paragraph, and not in the other, the judgment, when it is

capable of separation, should be affirmed in part, and reversed in part.

This judgment, therefore, as to all that part which decrees possession of the saw-mill and machinery to the appellee, is reversed; in all other respects, it is affirmed, at the costs of the appellee.

Petition for a rehearing overruled.