Booth *v.* Cottingham, Guardian.

Judgment reversed, at costs of appellee, with instructions to the court below to grant a new trial.

Filed Jan. 7, 1891.

———————◆———————

No. 14,628.

## BOOTH *v.* COTTINGHAM, GUARDIAN.

AGREED CASE.—*Affidavit in.—By whom May be Made.—Agreement Signed by Party through Attorney.—Effect of.*—In an agreed case under the statute, the affidavit required by section 553, R. S. 1881, is sufficient if made by one, only, of the parties. Where the agreement is signed by the appellant in person, and by the appellee, acting through the attorney who represented him in the court below, and who represents him as counsel in the Supreme Court, and it appears from the record that the agreement as to the facts was submitted to the trial court by the parties, that it was acted upon by the trial court, and that a finding and judgment were made upon it, and there is nothing in the record showing that the appellee repudiated the act of his attorney who represented him in the court below and represents him here, the appellee is bound by the agreement.

SAME.— *When will be so Considered.—Supreme Court.*—Where both the parties to an action submit a case upon the theory that it is an agreed case under the statute, it will be so regarded by the Supreme Court unless to do so would work a manifest injustice.

INSANE PERSON.— *Wife of Entitled to Medical Attention.—Estate of Husband Bound.—Guardian.*—The wife of an insane man is entitled to medical attention, and the physician who renders it upon the request of the guardian of the insane husband is entitled to compensation out of the estate held in trust for him by his guardian.

From the Hamilton Circuit Court.

*W. Booth,* for appellant.

*W. Garver,* for appellee.

ELLIOTT, J.—Both parties assert that this is an agreed case under the statute; upon that theory they submit the case to us, and it was submitted to the trial court upon the same theory. Accepting, without investigation or decision,

the statement of both parties that this is an agreed case under the statute, and taking as our guide the rule that parties are bound by the theory which they assume to be the correct one, we shall treat this case as an agreed case. *Carver* v. *Carver*, 97 Ind. 497 (516) ; *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544 (564) ; *Brink* v. *Reid*, 122 Ind. 257. Where parties agree upon a theory we can not with propriety deny their agreement, except, perhaps, where it is plainly necessary to do so in order to prevent manifest injustice.

Acting upon the assumption that this is an agreed case, the appellee's counsel asserts that we can not examine it because the affidavit required by the statute is made by one, only, of the parties, but this contention can not prevail. The statute does not require more than one affidavit; it can not be construed as requiring two without doing violence to the language employed by its framers. Section 553, R. S. 1881.

The further point is made that the agreement is not signed by both parties. The agreement is signed by the appellant in person and by the appellee, acting through the attorney who represented him in the court below, and who represents him as counsel in this court. It appears, moreover, from the record that the agreement as to the facts was submitted to the trial court by the parties, that it was acted upon by the trial court, and that a finding and judgment were made upon it. But more than this, there is nothing in the record of the trial court, nor in the record in this court beyond the bare statement of counsel in argument, showing that the appellee repudiated the act of his attorney who represented him in the court below and represents him here. It is clear beyond controversy that the agreement binds the appellee. It is enough to suggest that he would have received the benefit of the judgment had it remained in force, and that the judgment in that event would have been sufficient to bar another action, and, holding this benefit, the appellee is in no situation to repudiate the act of his attorney, even if it had not been so fully ratified and confirmed as it was.

Booth v. Cottingham, Guardian.

The case must be decided upon its merits, by applying the law to the facts exhibited in the agreement of the parties. The facts are, briefly stated, these : W. D. Carlin was appointed the guardian of Joseph Brittainhaim, who had been adjudged to be insane. During the time Carlin was acting as such guardian Brittainhaim's wife was so ill as to require the services of a physician, and the appellant was employed by Carlin to render the required medical assistance, and he did render it as requested. Subsequently Carlin resigned and Cottingham became his successor in the trust. The trial court held that the appellee was not entitled to recover from the guardian, and in so holding clearly erred.

The wife of an insane man is entitled to medical attention, and the physician who renders it upon the request of the guardian of the insane husband is entitled to compensation out of the estate held in trust for him by his guardian. The proposition that a sick and suffering wife shall be provided with reasonable medical attention seems so clear that we can not conceive how any one can doubt its correctness. It would be a reproach to the law if the wife of an insane man, whose estate is in the hands of a guardian, were denied the necessaries of life (and, surely, medical attention in illness is necessary), but no such reproach rests upon the law. For many years it has been settled that the wife of an insane man shall be provided with such things as are reasonably necessary to her comfort and welfare. *Read* v. *Legard*, 6 Exch. 636 ; *In re Wood*, 1 De G. J. & S. 465 ; *Selby* v. *Jackson*, 6 Beav. 192.

The case of *Clark* v. *Casler*, 1 Ind. 243, is not in point, and can have no effect upon our decision.

Judgment reversed, with instructions to render the proper judgment in favor of the appellee, payable out of the trust funds of the lunatic's estate.

Filed Jan. 7, 1891.

EXECUTION.— *Sale.*— *Separate Bids.*—*Holding in Abeyance.*— The sheriff, upon a decree foreclosing a tax lien, first offered the lots for sale separately. The judgment debtor, by his attorney, bid for the separate parcels a sum insufficient to satisfy the writ, and the sheriff held the bids in abeyance until he offered the property as a whole. The debtor, whose bid on the property, in gross, was the highest, being unable to pay the full amount bid, the attorney, on the refusal of the sheriff to grant an extension of time, withdrew all bids made on her behalf, and the property was sold to another.