Filed May 14, 1891.

---

No. 15,837.

## NEWMAN ET AL. *v.* KISER.

APPEAL.—*Acceptance of Money Due on Judgment.*—*Assignment of Errors.*— *Plea to.*—The acceptance of the money awarded by a judgment precludes the prosecution of an appeal. A verified plea to an assignment of errors alleging such an acceptance is a good plea.

SAME.—*Assignment of Errors.*—*Plea in Bar and Abatement to.*—*Practice.*— The practice of answering the assignment of errors by a plea in bar, or in abatement, where there is matter in bar or abatement which occurs after the rendition of the judgment, is generally appropriate and proper,

Newman *et al. v.* Kiser.

for assignments of error may be met by pleas, answers, demurrers or motions.

SAME.—*Attorney's Acts.— When Client Bound Thereby.—Money Paid on Judgment.—Right of Attorney to Receive.*—Where one of the appellants did not directly contract with the attorney who received the money paid in on the judgment, but his co-appellant did, and such attorney was fully recognized by the non-employing appellant as his representative throughout the entire proceedings, it is too late to repudiate the representative's act after action has been taken upon it by the court, or by adverse parties. An attorney has authority to receive money paid to the clerk upon a judgment rendered in favor of his client.

From the Randolph Circuit Court.

*E. L. Watson, J. E. Watson, I. P. Gray* and *P. Gray,* for appellants.

*A. J. Stokebake, S. J. Peelle* and *W. L. Taylor,* for appellee.

ELLIOTT, J.—The appellee has filed a verified plea to the appellants' assignment of errors and has given notice as required by our rules, although it is probable that the notice is not quite so definite as the rule upon the subject requires, but inasmuch as there is an appearance and no objection to the form of the notice, its lack of certainty is immaterial.

The practice of answering the assignment of errors by a plea in bar or in abatement in cases where there is matter in bar or abatement which occurs after the rendition of the judgment is generally appropriate and proper, for assignments of error may be met by pleas, answers, demurrers or motions. *Brock* v. *Harris,* 11 How. U. S. 204; *Millar* v. *Farrar,* 2 Blackf. 219; *Adams* v. *Beem,* 4 Blackf. 128; *Rundles* v. *Jones,* 3 Ind. 35; *Veach* v. *Pierce,* 6 Ind. 48.

The allegations of the plea before us are, in substance, that the appellants were awarded damages in an action wherein the opening of a highway was involved; that the highway had been opened pursuant to the judgment of the court; that, after the entry of the judgment, the appellants' attorney received from the clerk the amount awarded as damages, and that the appeal was not taken until after the

highway had been opened and after the receipt of the money awarded the appellants by their attorney. The reply of the appellants forms an issue of fact upon the plea.

The evidence is before us in the form of depositions, and it fully supports the allegations of the plea. It is true that one of the appellants did not directly contract with the attorney who received the money paid in on the judgment, but the other appellant, who was the legal owner of the land through which the highway was opened, did expressly employ the attorney. The appellant who did not expressly contract with the attorney fully recognized and treated the attorney as his representative throughout the entire proceedings—he had, indeed, no other, until after the receipt of the money—and he can not repudiate his authority. There can be no question as to the fact that the attorney who received the money was the representative of both the appellants. It is too late to repudiate the representative's act after action has been taken upon it by the court or adverse parties. *Booth* v. *Cottingham*, 126 Ind. 431.

The question as to the authority of an attorney to receive money paid to the clerk upon a judgment rendered in favor of his client is settled against the appellants by statute, section 968, R. S. 1881, and by the adjudged cases. *Holliday* v. *Thomas*, 90 Ind. 398; *Yoakum* v. *Tilden*, 3 W. Va. 167 (100 Am. Dec. 738); *Brackett* v. *Norton*, 4 Conn. 517 (10 Am. Dec. 179).

The acceptance of the money awarded by the judgment precludes the prosecution of an appeal. *Clark* v. *Wright*, 67 Ind. 224; *Test* v. *Larsh*, 76 Ind. 452, and cases cited; *Baltimore, etc., R. R. Co.* v. *Johnson*, 84 Ind. 420; *Monnett* v. *Hemphill*, 110 Ind. 299; *State, ex rel.*, v. *Kamp*, 111 Ind. 56; *Sterne* v. *Vert*, 111 Ind. 408; *McCracken* v. *Cabel*, 120 Ind. 266; *Smith* v. *Coleman*, 77 Wis. 343.

Appeal dismissed.

Filed March 20, 1891; petition for a rehearing overruled May 13, 1891.