## LUTHER SEARS *vs.* IRA CARRIER & others.

An administrator may maintain a bill in equity to compel the delivery to him of notes against several distinct parties, which were formerly held by his intestate, and an indorsement and delivery of which were obtained from him by one of the defendants by fraud; and to restrain such defendant and his attorneys from prosecuting suits at law thereon, or parting with the possession of them; and in such bill the makers of the notes may properly be joined as parties. But if the administrator has also commenced an action at law to recover the value of the notes, he must elect which remedy he will pursue, and discontinue the other.

CHAPMAN, J.   The plaintiff brings his bill as administrator of the estate of his father, Luther Sears, deceased, and alleges that the defendant Carrier fraudulently induced the intestate to indorse and deliver to him several promissory notes of which the intestate was possessed.   One of the notes was made by Marshall Sears, a son of the intestate; one by Zachariah P. Sears, another son; one by Frederick Washburn, a son-in-law; and one by Levi Butler, a son-in-law.   Carrier is also alleged to be a son-in-law.   It is further alleged that Carrier has commenced

suits upon these notes, all of which are pending in the superior court for this county except that against Marshall Sears, which has proceeded to judgment. Also that Messrs. Colt & Pingree are the attorneys of Carrier in the suits; that he delivered the notes to them; that the plaintiff has demanded the notes of them; that they refused to give them up, and he has commenced an action of tort against them to recover the value of the notes. He claims the notes as his property, and prays that Carrier and his attorneys, who are also made parties, may be enjoined from collecting or parting with the notes during the pendency of the suit. A temporary injunction has been issued.

The defendants demur to the bill, and also move that the injunction be dissolved.

One of the alleged grounds of demurrer is that the plaintiff has a full, adequate and complete remedy at law.

1. It is suggested that he has a remedy by an action of tort to recover the value of the notes. But we think he has a right to the specific securities belonging to the estate. This is the more important, as the notes are against the sons and sons-in-law of the intestate, who, in case there are no debts, will be entitled to the notes, or a large part of the amount due on them, and ought not to be required to pay them to a wrongdoer.

2. It is suggested that he has a remedy by an action of replevin. Omitting other answers that might be made to this, it is sufficient to say that the note upon which a judgment has been obtained, and which is therefore filed in court, cannot be recovered in replevin.

3. It is said that the plaintiff may demand and collect the amount due on the notes by suits at law against the makers. But he is entitled to the notes as evidence, if he shall see fit to bring such suits; and he is also entitled to them in order that he may settle the estate without incurring the expense, delay and trouble of bringing suits.

4. It is said he may appear in the actions brought by the defendant Carrier, and take upon himself the defence. But it is obvious that if he were to do so and should make a successful

defence, he would still need the notes to enable him to settle the estate. A defence to the actions would not aid him in the discharge of his duties as administrator, except indirectly.

Another ground of demurrer alleged is that the bill is multifarious, because the notes are distinct contracts made with distinct parties who have no connection with each other. But as to Carrier, the plaintiff has a right to join all these claims in one suit. He is not obliged to bring a separate bill against him for each of the notes. The makers of the notes are rightly joined as parties, on account of their relation to Carrier; and so the bill is not multifarious.

The motion to dissolve the injunction ought to prevail, unless the plaintiff will discontinue his action of tort. The pendency of a prior action may, in equity, usually be pleaded in bar. In this case, as it is alleged in the bill, the court will take notice of it on demurrer, or on motion; but the effect is not the same as in an action at law. The court will inquire into the matter; and if it appears that the bill embraces the whole subject matter in dispute more completely than the prior action, they will order the prior action to be discontinued, with costs to the defendant. Story Eq. Pl. §§ 735–739. Willis Eq. Pl. 534–536. This course should be adopted in the present case, leaving the plaintiff, however, at liberty to elect which remedy he will pursue. He is not entitled to both.

*J. D. Colt & T. P. Pingree, Jr.,* for the defendants.

*H. W. Bishop & T. Post,* for the plaintiff.