## Evans, Administratrix, *v.* Newland.

EVIDENCE.—*Admissions.*—Evidence of admissions of a party should be received with great caution. The credibility of the witness, his testimony in proof of the admissions, and the force of the admissions when proved, are matters for the jury.

NEW TRIAL.—*Weight of Evidence.*—When a verdict is not sustained by *sufficient* evidence, it is the duty of the court trying the cause to grant a new trial upon motion assigning that cause; but the Supreme Court will not reverse the ruling of the court below in refusing to grant a new trial on such ground, unless it appears, not merely that the finding was contrary to the weight of the evidence, but that it was wrong beyond any question whatever.

COSTS.—*Administrator.*—Where in an action by an administrator to recover damages for the death of his decedent caused by the wrongful act of the defendant, judgment is rendered against the plaintiff for costs, it is error to direct therein that, if there be no property of the decedent, the costs shall be levied of the property of the administrator.

APPEAL from the Scott Circuit Court.

DOWNEY, J.—This action was brought to recover damages

Evans, Administratrix, *v.* Newland.

for the death of Madison Evans, the plaintiff's intestate, alleged to have been caused by the wrongful act of the defendant in shooting him with a pistol and cutting him with a knife.

The case was tried by a jury, on an issue formed by a general traverse of the complaint. There was a verdict for the defendant, a motion for a new trial, which was overruled, and judgment against the plaintiff for costs, to be levied of the property of the deceased, and if no such property remained, then of her own property.

Two only of the alleged errors are presented by the appellant in her brief: first, the refusal of the circuit court to grant a new trial; and second, the rendition of judgment against her for costs in the event that there should be no assets in her hands.

We have examined the evidence with care. There can be no reasonable doubt that the deceased came to his death by violence at the hands of some person. His dead body was found at the roadside. His head was nearly severed from his body. There was a gun or pistol shot in the abdomen, and a stab or two in the back. His hands were badly cut, as if by seizing hold of the knife.

Upon the question of the connection of the defendant with the death of the deceased, there was the testimony of one witness only, testifying to admissions of the defendant, which admissions, if they were made, tended very strongly to show that the defendant was the person who inflicted the injuries. The witness testified that the defendant, among other things, said, that, "under the same circumstances, he would do it again."

On the part of the defendant, several witnesses testified to intimate and friendly relations between the defendant and the deceased down to the day of his death. One testified that he rode into town in company with the defendant, that defendant stopped at his residence, and the witness went to another part of town; that it was dark when they parted;

that it was not more than forty minutes afterwards until he heard of the death of the deceased; and that he and others went to the place and found the dead body of the deceased lying at the side of the road.

Admissions of a party ought to be received with great caution. The witness may not have correctly understood them. He may not have recollected them. A slight change in the words may alter the meaning. Words material to a correct understanding of the case may have been omitted by the party, or by the witness. In this case, the witness says the defendant said, that " under the same circumstances he would do it again." What were the circumstances? See 1 Greenl. Ev. § 200.

The credibility of the witness, his testimony in proof of the admissions, as well as the force of the admissions when proved, were questions for the jury. See *French* v. *Green,* 3 Ind. 267.

The rule which governs this court in passing upon the question whether a new trial should have been granted or not, is not the same as that which should govern the court below. When the verdict is not sustained by *sufficient* evidence, it is the duty of the court trying the cause to grant a new trial; but it has been repeatedly decided by this court that it will not reverse the ruling of the court below in refusing a new trial on the ground of the insufficiency of the evidence, unless it shall appear, not merely that the finding was contrary to the weight of the evidence, but that it was wrong beyond any question whatever. *The Indianapolis, &c. R. R. Co.* v. *Trisler,* 30 Ind. 243, and cases cited in 1 Davis' Ind. Digest 626, sec. 46.

But again, it is required, in order to make out a case like this, that the death should have been caused by the *wrongful* act of the defendant. Such is the language of the statute, and such, in this case, is the allegation of the complaint. Was it necessary to show, conceding that the admissions of the defendant were sufficient to connect him with the killing, that such killing was wrongful? Let it be supposed that

the language attributed to the defendant was used by him, what were the " circumstances " to which he alluded? Do they point to some justification, such as self-defense or some other justifiable killing? Conceeding that the killing is shown, in a case like this, does the presumption of wrongfulness or malice arise as in criminal prosecutions for homicide? Must the defendant, in case he relies on self defense, or other justification, plead and prove it affirmatively, or must the plaintiff, in the first instance, prove the circumstances attending the transaction and show its wrongfulness?

· We cannot sustain this assignment of error.

Upon the other question we think the court erred. That part of the judgment for costs which directs that they be levied of the property of the appellant, in the event that there shall be no property of the estate out of which to make them, is contrary to law. 2 G. & H. 527.

The judgment is affirmed, except so much thereof as directs the costs to be made of the property of the plaintiff in the event that there shall be no property of the deceased out of which to make the same, which part is reversed, with costs.

*A. C. Voris, M. F. Dunn,* and *F. Wilson,* for appellant.

*A. B. Carlton,* for appellee.