CAVANAUGH, ADM'R, *v.* THE TOLEDO, WABASH, AND WESTERN RAILWAY COMPANY.

JUDGMENT.—*Relief from.*—By section 99 of the code of practice, as amended by the act of March 4th, 1867, it is made the imperative duty of the court, where application is made within the statutory period, to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect.

SAME.—An action was dismissed on call, because of the absence of the plaintiff and his attorney. It was afterward shown that the attorney had been misinformed as to the time the cause was set for trial, and was therefore absent, and that the failure of the plaintiff and his witnesses to be present was caused by a delay of several hours of a railroad train, on which he depended for conveyance to the place where the court was sitting.

*Held,* that this was a case of excusable neglect, and that the plaintiff was entitled to have the judgment of dismissal set aside.

SAME.—*Imposing Conditions.*—In granting relief under this statute, the court may impose conditions, but they must be reasonable. To require, as a condition of relief, that the plaintiff shall pay all the costs in the case, including the costs taxable against the defendant for failing to perfect a change of venue, and the costs of a continuance asked by the defendant, for which judgment had been previously rendered in the plaintiff's favor, and also the costs of various continuances had by agreement of the parties, was unreasonable.

SAME.—It would have been reasonable to require the plaintiff to pay the costs occasioned by his excusable neglect, and to render judgment therefor, but it was not competent for the court to make the actual payment of such costs a condition of granting relief. (DOWNEY, J., dissented.)

SAME.—*Administrator.*—*Costs.*—By section 784 of the code, an administrator is not personally liable for costs in an action prosecuted by him in his fiduciary capacity.

From the Warren Circuit Court.

Cavanaugh, Adm'r, *v.* The Toledo, etc., R. W. Co.

*J. McCabe,* for appellant.

*W. Z. Stuart,* for appellee.

BUSKIRK, C. J.—The appellant, as administrator of the estate of Edward Riley, deceased, sued the appellee to recover damages for the wrongful and negligent acts of appellee, which caused the death of appellant's intestate.

The appellee answered by the general denial and an affirmative paragraph, in which it was averred, that the death of the decedent was caused by his own wrongful and negligent conduct. The cause was continued several times by agreement. At the April term, 1873, the appellant required the appellee to continue at her costs. At the September term, 1873, the appellee had the appellant called, and she failing to appear, the cause was dismissed, reserving to the appellant the right to move, during the term, to reinstate the cause.

Upon the ninth day the appellant appeared, and filed a written motion to set aside the default and reinstate the cause, and in support thereof filed his own affidavit and that of George McWilliams, his principal attorney. From his own affidavit it is made to appear, that he resided at State Line, sixteen miles west of the county seat of Warren county; that he and four of his witnesses were at the depot the morning the case was set for trial, ready to take the train that usually passed there at forty minutes past eight o'clock A. M., and which would have taken them to court in proper time to have proceeded with the trial of said cause; but that such train was, for some cause, several hours behind time, and that in consequence he did not arrive at court until noon of said day, when he learned that the case had been dismissed. The affidavit, in other respects, was sufficient.

The affidavit of McWilliams showed that his absence was caused by a misunderstanding as to the day the cause was set for trial.

The court made an order that the default should be set aside, on the condition that the appellant paid, within thirty days, all the costs made in said cause since the October adjourned term of 1871.

At the next term of the court, the appellee moved to dismiss the cause for the failure of the appellant to pay the costs within thirty days. In answer to such motion, the appellant showed, by affidavit, that he was not personally present in court when the default was set aside, and that he did not know that the order of the court required the payment of the costs within thirty days, and that as such administrator he had no means with which to pay said costs, and that he would have no assets unless he recovered a judgment against the appellee.

The court sustained the motion, and dismissed the cause, for the failure of the appellant to pay the costs within thirty days; and this ruling is assigned for error, and presents the only question there is for our decision.

The ruling of the court below cannot be sustained on principle or by authority. At the April term, 1871, the issues in the cause were closed, when, upon the application of the appellee, the venue was ordered to be changed to Tippecanoe county, on the condition that the costs of such change were paid within sixty days therefrom. The appellee failed to pay the costs and perfect the appeal.

At the next term, the appellant moved to tax against the appellee all the costs which had accrued in said cause for failure to perfect such change of venue. The motion was taken under advisement, and it does not appear that it has been decided. At that term the cause was continued by agreement. At the April and October terms of 1872, the cause was continued by agreement. At the April term, 1873, the cause was continued upon the application and at the costs of the appellee, and judgment was rendered for such costs. At the September term, 1873, the cause was dismissed, as hereinbefore stated.

The costs occasioned by the continuance of the cause by agreement should abide the event of the suit.

The court should have taxed against the appellee all the costs which had accrued in the cause up to the time when she failed to perfect her change of venue. Sec. 208, 2 G. & H. 155.

A judgment having been rendered against the appellee for the costs occasioned by the continuance at the April term, 1873, the court possessed no power to require the appellant to pay such costs as a condition upon which the default was to be set aside.

By section 99 of the code, as amended by the act of March 4th, 1867, 3 Ind. Stat. 373, it is provided, that the court " shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect." Under the section as amended, the duty of the court was imperative. It had no discretion. It was bound to grant the relief. *Bush* v. *Bush*, 46 Ind. 70, and authorities there cited.

In granting relief under section 99, the court may impose such conditions as are proper. To make them proper, they must be just and reasonable. It certainly was not proper to require the appellant to pay costs which had been adjudged against the appellee, such as should have been adjudged against her for failure to perfect the change of venue, and such as should abide the event of the suit. The failure of the appellant to be present at the time set for the trial resulted in a continuance of the cause, and it would have been reasonable and proper to have adjudged against the appellant all the costs occasioned by his default. But we do not think it was proper for the court to require the actual payment of the costs within a limited time. Such a condition was unreasonable, and, in many cases, would operate oppressively and produce injustice, where parties were unable to pay such costs.

We think it was fully shown that the default of the appellant was the result of excusable neglect on the part of the appellant and of mistake on the part of his attorney. This ruling is not in conflict with that of *Yater* v. *Mullen*, 23 Ind. 562, and the same case on petition for a rehearing, in 24 Ind. 277. In that case, the defendant was guilty of inexcusable neglect. He left home and went to Indianapolis to attend to private business, when he should have been at court, and was detained by an accident on the railroad. In this case, the

appellant was at his home, sixteen miles distant from the sitting of the court, and on the morning in question he was at the depot, with his witnesses, ready to go to court by the usual mode of travel, and was prevented by the default of the employees of the appellee. A judgment by default against appellant, caused by the default of appellee, makes a very different case to the one above cited.

This action was instituted and prosecuted by an administrator, under section 784 of the code, 2 G. & H. 330, for the benefit of the widow and children of the decedent. The cause was dismissed at the costs of the appellant personally. An administrator or executor is not personally liable for costs in an action prosecuted by him in a fiduciary capacity. Sec. 151, 2 G. & H. 527; *Evans* v. *Newland,* 34 Ind. 112.

Counsel for appellee suggests, that no relief should be granted, because the complaint is bad. The suggestion would have been entitled to greater weight and consideration, if the appellee, instead of answering the complaint, had tested its sufficiency by demurrer.

It is very manifest that the court erred in dismissing the cause.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to set aside the judgment dismissing the cause, and to reinstate the cause, and for further proceedings in accordance with this opinion.

Downey, J.—I do not agree to that part of the foregoing opinion which holds, that the court may not, on setting aside a default, require the party in default to pay, in a limited time, the costs with which he is properly chargeable. I think the court may require the payment of such costs within a time limited, or may require the payment as a condition precedent to setting aside the default.