### MILLER *v.* MILLER.

NEW TRIAL.—*Motion for, after Default.*—*Admissions.*—*Husband and Wife.*—*Weight of Evidence.*—*Supreme Court.*—*Partition.*—In an action for the partition of real estate of a decedent, brought by the widow against his children by a former marriage, wherein the defendants, with knowledge of a rumor that the plaintiff was not the lawful wife of the decedent, suffered default, an application was made by the defendants, after a decree for partition was rendered, but before the report of the commissioners, for a new trial, which was submitted on conflicting evidence as to an alleged admission by the plaintiff, that, at the time of her marriage with the decedent, she had a husband still living and undivorced.

*Held*, that the Supreme Court can not say that it was error to overrule such motion.

From the Dearborn Circuit Court.

· *J. D. Haynes* and *J. K. Thompson*, for appellant.

*F. Adkinson* and *O. F. Roberts*, for appellee.

PERKINS, J.—About the year 1823, Martha Robinson was married to James Chamberlain, who is still living.

About 1834 or 1835, she, then Martha Chamberlain, was married to John L. Wright, by whom she had four children. Said Wright died in 1848. In 1849 said Martha, then Martha Wright, was married to Joseph Evans, who died in 1853, leaving no child surviving. In 1854 said Martha, then Martha Evans, was married to Thomas Miller, who departed this life on the 1st day of September, 1875, leaving surviving his widow, said Martha, and Joseph H. Miller, a son by a former wife.

On the 18th day of January, 1876, said Martha filed in the Dearborn Circuit Court her complaint for partition of the real estate left by her deceased husband. She made

his son by a former wife defendant. At the April term of said court partition was decreed, giving said Martha one-third for life of said real estate. She is now seventy-seven years of age.

Before the report of the commissioners making the partition was confirmed, the defendant below, appellant in this court, moved for a new trial, on the ground that, since the decree for partition was rendered, he had discovered that said plaintiff Martha was never the legal wife of said Miller, deceased, for the reason that she had never been divorced from her first husband, said James Chamberlain, who was still living.

Affidavits and oral testimony were heard on the motion. The motion was overruled, and exception taken. No question is raised touching the time at which the motion was made.

Two witnesses testified, on the hearing of the motion, that, on the 13th of August, 1876, in answer to a question by her son, John L. Wright, as to whether she was divorced from James Chamberlain, she said the judge told her she did not need a divorce. This was claimed to be an admission that she had not been divorced.

The statement of the two witnesses as to the language used by said Martha, on the occasion, widely differed. A witness testified, that he could find no record of a divorce between the parties, in Hamilton, Ohio. No place had been named as the one where such a divorce should have been obtained. D. M. Robinson testified, that he was personally cognizant of the fact, that, when he was quite a small boy, " one James Chamberlain married his sister, now Martha Miller, and that they remained married for many years; but that, before 1834, his said sister had ceased to live with said Chamberlain, as his wife, and that the understanding of this affiant, and in his family and the neighborhood, was, that they, the said Chamberlain and wife, were divorced."

The appellant knew of the rumor that they had not been,

before the order for partition was made, but made no defence to the partition.

We can not say, that the court erred in overruling the motion for a new trial.

See *Chandler* v. *Schoonover*, 14 Ind. 324; *Evans* v. *Newland*, 34 Ind. 112; *Denman* v. *McMahin*, 37 Ind. 241.

The judgment is affirmed, with costs.