Filed Oct. 20, 1887.

No. 12,987.

## MACKEY v. BALLOU.

DECEDENTS' ESTATES.—*Costs Taxed Against Administrator Personally.— When a Charge Against Estate.*—Where an administrator is sued in his indi-vidual capacity for the recovery of personal property of which he has taken possession in his representative capacity, believing it to belong to the decedent's estate, the costs which he incurs, in good faith, in defence of the suit, and which are taxed against him personally, are a proper charge against the estate.

SAME.—*Resisting Allowance.—Party in Interest.*—One who has purchased real estate which, there being no personal property, is liable to be sold by the administrator to make assets to pay an allowance, if it is a legal charge against the estate, has such an interest as gives him a right to contest its validity.

SAME.—*Estoppel.— Vendor and Purchaser.*—Neither the fact that his vendor is solvent, thereby giving him a remedy upon his covenant of warranty, nor that the vendor agreed to pay the claim for which the allowance is asked, prevents the purchaser from resisting the claim; but if the latter agreed with his vendor to pay it, and for that purpose retained a part of the purchase-money, he is estopped to dispute its validity.

From the Grant Circuit Court.

*G. W. Harvey*, for appellant.

*A. Steele* and *R. T. St. John*, for appellee.

ZOLLARS, C. J.—In April, 1883, appellant filed a claim against himself as administrator of the estate of William Bailey, deceased. In his sworn statement accompanying the claim, he stated that it was for $216 costs, made and adjudged against him in an action by Peter Morton and his wife, Mary, to recover personal property which he had taken possession of, supposing and believing it to be property of the Bailey estate; that, at the time he took possession of the property, at the time the action was instituted by the Mortons, and at the time the judgment for costs was rendered against him, he was the administrator of the estate of Bailey, and that he was such administrator at the time he filed the claim; that the costs, instead of being adjudged against him personally, as they were, should have been adjudged and taxed against him as such administrator; that, in the defence of the action, he acted in good faith for the estate, in order to hold the property as a part of the estate.

At the following November term of the court, the claim thus filed was allowed against the estate.

At the same term, appellee filed a complaint or motion to have the allowance set aside and the claim rejected. In that, he stated under oath that in December, 1880, appellant, pretending to be the administrator of the estate of Bailey, wrongfully and unlawfully took possession of the personal estate with the pretence of administering it; that Bailey had devised all of his real estate to his wife for life, with remainder to Peter Morton and his wife, Mary, who was his, Bailey's, granddaughter; that, by a writing executed by Bailey, he had conveyed and transferred his personal estate to Peter and Mary Morton, making them the owners and entitled to the possession of the same; that appellant, having so unlawfully taken possession, refused to surrender the property to the Mortons; that they commenced and prosecuted an action against him for the recovery of the property, and were successful; that, by the issues in the case, the question was raised as to whether or not Bailey was of sound mind at the

time he made his will and executed the bill of sale of the personal property to the Mortons, and that that issue was determined in the affirmative, thus establishing the validity of those instruments; that the Mortons recovered a judgment for costs against appellant personally, and not against him in his capacity as administrator, nor against the estate; that in a subsequent motion in the case by appellant to have the costs taxed against the estate, which motion the court did not sustain, he stated under oath that the action was prosecuted against him personally, and not in his representative capacity, and that the costs were adjudged and taxed against him personally, and not in his representative capacity. After reciting the allowance against the estate, which he alleged was wrongfully procured, appellee further stated, in his complaint or motion, that there were no means out of which the claim, if allowed to stand as a charge upon the estate, could be paid, except the real estate, and that it had been sold, and for value conveyed to Addison Baldwin and William H. Irwin, and by them for value sold and conveyed to him, and that it was the purpose of appellant to institute proceedings for the sale of the real estate to make assets with which to pay the allowance.

To that complaint or motion by appellee, appellant filed an answer in four paragraphs, to all of which, except the third, which was a general denial, the court below sustained a demurrer.

The substance of the first paragraph is that Baldwin and Irwin purchased the real estate from the Mortons, and retained out of the purchase-price $216 to indemnify them against loss by reason of the costs so taxed against appellant; that they sold and, by a deed of warranty, conveyed the real estate to appellee, and that, they being persons of means, for any loss that he may suffer by reason of the allowed claim, he may recover upon that warranty; that appellee purchased the real estate with knowledge of the existence of the judgment for costs, with knowledge that the amount of those

costs could not be collected from the estate except by the sale of the real estate, and with knowledge of the retention of the money by Baldwin and Irwin.

The substance of the second paragraph is, that after the costs had accrued appellee purchased the real estate from Baldwin and Irwin, agreed with them to pay the costs, and for that purpose retained of the purchase-price the sum of $250.

The substance of the fourth paragraph is, that Baldwin and Irwin purchased the real estate from the Mortons after the costs had accrued, agreed with the Mortons to pay them, and for that purpose, with their consent, retained out of the purchase-price an amount equal to the costs; that at the time Baldwin and Irwin sold and conveyed the real estate to appellee, they agreed with him to pay the costs, and that they have not paid them.

Appellant insists that appellee does not show by his complaint or motion that he has any interest in the matter, in that he does not show that there is no personal property that may be reduced to money with which to pay the claim. The pleading in that respect, as in others, is not very specific or certain, but we think it sufficiently appears that the estate is without personal property. And having shown that there is no personal property, and that, therefore, it will be necessary for the administrator to sell the land to obtain money with which to pay the claim, if the allowance shall stand, and that he was threatening to do so, we think that appellee showed enough in that regard to give him the right to contest the claim in a proper manner.

The first paragraph of appellant's answer was not sufficient to withstand the demurrer directed against it. Appellee had the right, if he could, to protect his land from sale by the administrator for the payment of the claim; and that he had a right to do by defeating the claim. As bearing somewhat upon the question, see *Scherer* v. *Ingerman*, 110 Ind. 428.

So far as shown by the paragraph of answer under consideration, he was neither bound to pay the claim nor to allow his land to be sold for the payment of it, and afterwards prosecute an action against his grantors upon their warranty. Nor was he, under the averments in the fourth paragraph of answer, bound either to pay the claim or suffer his land to be sold, and rely upon the agreement of his vendors to pay the costs. There was, therefore, no error in the sustaining of the demurrer to the first and fourth paragraphs of answer.

We think the second paragraph of the answer was sufficient, and that the demurrer to it should have been overruled. It was there averred, as we have seen, not only that appellee agreed with his vendors to pay the costs, but that it was also agreed that such payment should be in the way of a·part payment of the purchase-price of the land. Having made those agreements, we think he is estopped to dispute the validity of the claim. This conclusion is fully sustained by the case of *Hancock* v. *Fleming*, 103 Ind. 533 (535). For the error of the court below in sustaining the demurrer to the second paragraph of the answer the judgment must be reversed.

The evidence is not before us, and hence we can not know certainly why the court set aside the allowance and rejected the claim. It is not improper to say that, from the record before us, it is not apparent why the costs should not be allowed against the estate.

The statute provides that an administrator shall have full power to maintain any suit in his name as such administrator, for the recovery of possession of any property of the estate, and that he shall not be liable in his individual capacity for any costs in such suit. R. S. 1881, section 2291. See, also, *Evans* v. *Newland*, 34 Ind. 112; *Cavanaugh* v. *Toledo, etc., R. W. Co.*, 49 Ind. 149.

The spirit of the act requires, also, that the administrator shall not be held personally liable for costs which may accrue in a defence against claims of others to property which he

may have taken possession of as the property of the estate. Clearly, the administrator is not bound to abandon property upon every claim made to it by others. It is his duty to protect the property and preserve it for the estate by all proper means, including a proper defence in a litigation ; and for the costs in such a defence he ought not to be made personally liable. Of course, it will be expected that in engaging in or conducting such defence he will exercise reasonable care and act in good faith. Here, neither want of reasonable care nor bad faith is charged upon the administrator. He took possession of the personal property, as he alleges, believing in good faith that it was property belonging to the estate.

Appellee seems to base his case solely upon the grounds that the Mortons prosecuted their action against appellant in his individual, and not in his representative, capacity, and that the costs in the action were adjudged and taxed against him in his individual, and not in his representative, capacity. An administrator has no way of compelling others, instituting actions of replevin against him for personal property, to institute them against him as administrator. And the fact that in such actions, instituted against him in his individual capacity, the costs may be taxed against him personally, would not seem to be a sufficient reason for not allowing them as a claim against the estate by the probate court. Such an allowance, doubtless, may be refused where there is bad faith or culpable negligence in the bringing of, or defending against, actions ; but, as we have said, nothing of the sort is sufficiently charged here. By what we have said we are not to be understood as deciding or indicating an opinion that appellee's land must necessarily be sold to pay the claim, should it be allowed as against the estate, even though there be no personal property. That is a question not before us for decision.

The judgment is reversed, with costs, with instructions to

the court below to overrule the demurrer to the second para-graph of the answer, to grant leave to appellee to amend his complaint or motion, and to proceed with the case in accordance with this opinion.

Filed Nov. 2, 1887.