DERRICK *et al. v.* EMMENS *et al.*

(*City Court of Brooklyn, General Term.* April 28, 1891.)

1. ACTIONS BY EXECUTORS.
    Administrators may maintain an equitable action to cancel an assignment by their intestate of money in a savings bank, on the ground that it was obtained from him by undue influence.

2. REFUSAL TO DISMISS SUIT—WAIVER OF OBJECTIONS.
    The denial of a motion to dismiss a complaint at the trial is not ground of reversal on appeal, where it appears that defendant afterwards offered evidence, and the case was tried on the merits.

3. CANCELLATION OF GIFT—UNDUE INFLUENCE.
    In an action to cancel an assignment of money in bank made by plaintiff's intestate as a gift, it appeared that he was about 80 years of age, and at the time of the assignment had been at the point of death for at least a week, and that his mind was weak and confused. *Held,* that the burden was on defendant to show that there was no undue influence.

Appeal from special term.

Action by Timothy Derrick and Catherine M. Breen, administrators of Michael Morriss, deceased, against Mary Louisa Emmens and the Seamen's Bank for Savings. Defendant Emmens appeals from a judgment for plaintiffs, rendered on trial by the court without a jury.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Henry J. Morris,* for appellant. *William Sullivan,* for respondents.

CLEMENT, C. J. The plaintiffs are the administrators of the estate of Michael Morriss, who died in this city on October 11, 1889. The defendant Mary Louisa Emmens had in her possession at the time of his death a deposit book in the Seamen's Bank for Savings, which account was opened by the said Michael Morriss; and on the book was indorsed an assignment to her by Morriss of the balance in the bank,—$2,702.59. By the by-laws of the bank it was provided that drafts could only be paid on the production of the book. The plaintiffs brought this action against Miss Emmens and the bank, and alleged that the assignment was obtained by undue influence, or was a forgery, and asked judgment that the assignment be canceled, and that they recover of the bank the balance on deposit. The court at special term found that Morriss mechanically signed the instrument which was written on the pass-book, but that he was unconscious of the nature of the act, and rendered judgment in favor of the plaintiffs. The counsel for the appellant insists that the motion to dismiss the case should have been granted. The plaintiffs could not draw the money unless they produced the book, which, at the commencement of the action, was in the

possession of Miss Emmens. They had not seen the assignment, and only knew that she had attempted to draw the money, and had failed. They believed that any draft which was held by the defendant was a forgery, or was obtained by undue influence, and, with such facts as they had, commenced the action. It was disclosed on the trial that Morriss had affixed his signature to an assignment of the fund. An action in equity to cancel the assignment was the proper remedy. Morriss, if he had lived, could have maintained such an action, and the plaintiffs are his personal representatives, and stand in his place. The plaintiffs offered no proofs and rested, and a second motion to dismiss was made, which was denied. If the defendant had not offered testimony thereafter it might be argued that the denial of the motion would have been error, but the case was then tried on the merits. Certain admitted facts appeared, which shifted the burden of proof in the action to the defendant. Morriss was, at the time of his death, about 80 years of age, and seven days prior to the date when he signed over the deposit had received the sacrament of extreme unction which is administered to dying persons of the Roman Catholic church, of which he was a member. When he executed the paper his mind was weak, as appears from the testimony of Miss Emmens and her attorney. He did not recognize the attorney when he went into the room, though he had seen him 20 times before. He was confused, and thought that the attorney wanted him to make a will. On the conceded facts, the burden of proof was on the defendant to show that there was no undue influence. *Green* v. *Roworth,* 113 N. Y. 462, 21 N. E. Rep. 165, and cases there cited. We have carefully reviewed the case, and conclude that the evidence fully justifies the finding of fact. It appears by the testimony of Dr. Anderson, who was called by the defendant, that he saw Morriss on October 7th, and that he was then without the conveniences of a sick man, though the defendant lived in the same house, and though he had given her nearly $4,000 two days before. Morriss was at the point of death for at least a week before the date of the alleged gift, and was incapable of making a gift during that time, except on affirmative proof that there was no undue influence, and that the transaction was fair. The questions involved are purely of fact, and the decision at special term must stand. Judgment affirmed, with costs.