Filed March 21, 1895.

---

No. 1,409.

TOMLINSON ET AL. *v.* WRIGHT, ADMINISTRATOR.

DECEDENT'S ESTATE.—*Special Administrator.*—*Agreed Case.*—A special administrator has no authority to enter into an agreed case in relation to money which he has collected as such administrator.

From the Montgomery Circuit Court.

*G. W. Paul, M. W. Bruner, B. Crane* and *A. B. Anderson,* for appellants.

*Hurley & Hurley, Clodfelter & Thompson* and *H. H. Ristine,* for appellee.

DAVIS, J.—On or about the 26th day of January, 1892, Austin L. Tomlinson took out a policy of insurance on his own life, in the Equitable Life Insurance Society of the United States, for two thousand dollars payable at his death to his estate.   He was then unmarried, but afterwards on the 15th of February, 1893, he was married to Edith Tomlinson, by whom he had living at the time of his death one child.   A short time prior to his death, his health being very poor, he went to California,

for the purpose of seeking an improvement in the condition of his health. On the first of March, 1894, desiring to transfer said policy to said Edith Tomlinson, his wife, and make her the beneficiary therein, he wrote the general agents of said company, requesting that said policy should be made payable to his wife; that his wife was not then in California; that he did not have the policy with him at that time; that said writing or assignment was duly acknowledged before a Notary Public and that he believed it was sufficient to transfer all rights in the same to his wife; that afterwards on the same day he died intestate.

In ignorance of the fact that such transfer had been made, said George N. Tomlinson, a brother of said decedent, was afterwards, on the 3d day of March, 1894, in vacation of the Montgomery Circuit Court, duly appointed special administrator of said estate. Afterwards, on the second day of April, 1894, he collected in full of said policy $1,971$\frac{88}{100}$. The widow, thereupon, made a demand for said money, claiming that she was the equitable owner of the amount collected.

The special administrator and widow then filed in the Montgomery Circuit Court an agreed statement of facts, signed and verified by them, which embodied all the facts hereinbefore stated and recited that the controversy was real and the proceedings in good faith. The cause was submitted to the court upon the agreed statement of facts, and said court found and adjudged that said Edith Tomlinson was the equitable owner of said insurance money in the hands of the special administrator and he was ordered to pay the money to her; he made a report showing that he had paid the money to her, less funeral expenses, and resigned his trust. His report was approved and his resignation accepted.

The appellee was afterwards appointed administrator

of said estate, and on the 8th day of May, 1894, filed a petition in said court asking the court to vacate and set aside said order and decree on the ground that the court had no jurisdiction to make the same. The court thereupon set aside all of the orders "entered upon the agreed statement of facts  *  *  *  for the reason that the court had no jurisdiction to make the same."

The court also directed appellee to institute proceedings to determine the title and ownership of the insurance policy hereinbefore referred to.

In this connection it is proper to state that it appears that there are creditors of the estate, and that there are no assets unless the administrator is entitled to the insurance money.

The proceedings in this case have been of an unusual character. Several questions have been argued by counsel. The only question we deem it necessary to consider is whether the special. administrator possessed such power as authorized him to enter into such agreement with the widow.

The powers of a special administrator are "to collect and preserve the property of the testator, or of the intestate, until demanded by an executor or administrator duly authorized to administer the same."

Section 2391, R. S. 1894 (section 2237, R. S. 1881). No authority is conferred on him to pay claims or to make distribution of the funds in his hands.

Section 2392, R. S. 1894 (section 2238, R. S. 1881). He is not required to make or file any inventory, and he has no power to allow claims against the estate. All he is authorized to do is to receive and collect debts due the estate and to preserve the property of the estate pending the appointment of an administrator.

The decisions in *Robbins* v. *Swain, Exr.,* 7 Ind. App. 486; *Henes, Admr.,* v. *Henes,* 5 Ind. App. 100, and *Booth*

v. *Cottingham, Guar.*, 126 Ind. 431, are not in point in this case.

If it was conceded that a general administrator might, under some circumstances, enter into an agreed case or agree on the facts in a case and invoke the judgment of the proper court thereon, or if it was conceded that a special administrator in the collection of a debt might enter into an agreed case in relation thereto, the question would yet remain whether such special administrator could enter into such agreed case in relation to money or property which he has in his hands, and which it is his duty, under the statute, to hold or preserve until an administrator, duly authorized to administer the same, is appointed. The statute certainly does not contemplate that a special administrator shall administer an estate. His authority, as we have before observed, is limited to collecting the debts and securing and preserving the assets pending the appointment of the general administrator.

In this case, therefore, where said appellant George N. Tomlinson, as such special administrator, collected the insurance money, all he was authorized to do with it was to hold and preserve it until an administrator should be appointed, and then pay the same to him. He had no authority to allow or to pay claims, or to enter into agreed cases in relation to the money which he had collected as such special administrator.

The merits of the question are not before us on this appeal.

It is true, as a matter of course, if the appellant Edith Tomlinson was the equitable owner of the policy of insurance, then the administrator, whether special or general, had no right thereto, nor to the proceeds thereof, as against her. If on investigation by the court having jurisdiction of the parties and of the subject-matter of

the controversy, it is found that said Edith was, at the death of her husband, entitled to the money, the appellee will not be entitled to recover against appellants or either of them. If, on this question, the final judgment should be adverse to appellants, then the court will have to determine the amount of credits to which appellant George N. Tomlinson may be entitled on account of funeral expenses or other just claims paid by them, and also as to the distribution or disbursement of the residue to heirs and creditors.

In the view we take of the case there is no reversible error in the record.

Judgment affirmed.

Filed Feb. 28, 1895.