BRUNING *v.* GOLDEN, SPECIAL ADMINISTRATOR.

[No. 19,860.   Filed June 27, 1902.]

EXECUTORS AND ADMINISTRATORS. —*Special Administrator.*—*Action Against Surviving Partner.*—*Costs.*—A special administrator appointed under §2393 Burns 1901 has authority to bring an action for an accounting against a surviving partner, and if the suit is in good faith he is not personally liable for costs. *pp. 203, 204.*

SAME.—*Costs.*—*Judgment.*—*Collateral Attack.*—A judgment for costs against an administrator in his fiduciary capacity is not subject to collateral attack. *p. 204.*

SAME.—*Costs of Litigation.*—Where an administrator exercises reasonable care and in good faith prosecutes and defends cases in the interest of the estate he is entitled to have costs and reasonable expenses allowed as credits in his settlement. *p. 204.*

SAME.—*Special Administrator.*—*Suit for Benefit of Estate.*—*Costs.*—B died testate, making his two children, a son and a daughter, beneficiaries. Prior to testator's death he and his son were partners in business. A special administrator appointed by the court after the probate of the will brought suit against the son for an accounting of the partnership business. *Held,* that the suit was for the benefit of the estate, and not for the daughter, and that the special administrator was not liable individually for costs. *pp. 208–211.*

From Jefferson Circuit Court; *W. H. Watson,* Special Judge.

Exceptions by William H. Bruning to the final report of John M. Golden, special administrator of the estate of John F. Bruning, deceased. From a judgment for the administrator, the exceptant appeals. Transferred from the Appellate Court, under §1337u Burns 1901. *Affirmed.*

*L. V. Cravens, A. G. Smith, C. A. Korbly, F. Winter* and *C. Winter,* for appellant.

*W. T. Friedley* and *John McGregor,* for appellee.

MONKS, J.—Appellant, as executor of the last will of John F. Bruning, deceased, and as legatee and devisee of

said testator, filed exceptions to the partial and final reports of appellee, special administrator of said estate. The trial of said cause resulted in a finding, and, over a motion for a new trial, a final judgment approving said settlements, with costs against appellant, after the withdrawal of an item of $10 claimed as a credit.

It appears from the record that John F. Bruning died testate in Jefferson county, Indiana, October 6, 1891, leaving as his only heirs at law two children,—appellant and Clara Copeland. The debts of the deceased, including funeral expenses, were paid by said heirs. In 1893 there was a disagreement between appellant and his sister, and appellant offered said will for probate. Before its probate, objections thereto were filed by Clara Copeland, as provided by law, issues were formed, the venue changed, and the case finally tried in 1898, and the will admitted to probate in Jefferson county, in October, 1898. On July 29, 1893, Clara Copeland commenced an action in the Jefferson Circuit Court against appellant for an accounting of the partnership affairs of John F. Bruning & Son, of which firm John F. Bruning in his lifetime and appellant were the only members. This suit was removed to the circuit court of the United States by appellant, and dismissed by the plaintiff Clara Copeland, on June 12, 1895. While said action and the action to contest the will were pending, Clara Copeland filed in the Jefferson Circuit Court a verified application setting forth the death of John F. Bruning, the will contest, and the fact that there was a large amount of property then involved in litigation in the United States Circuit Court; that the household and kitchen furniture and other personal property of the deceased needed care. It was also stated in the application that there was a suit pending in the United States Circuit Court, wherein said petitioner was plaintiff and appellant was defendant, brought to settle the partnership of John F. Bruning & Son and have an

accounting therein, and that she had been advised by her counsel that, before said cause could be disposed of, an administrator of the estate of John F. Bruning must be made a party thereto. Clara Copeland was, by said court, appointed special administratrix of said estate.

On September 1, 1894, said administratrix resigned and filed a statement showing that she had received nothing as such administratrix and incurred no expense, except her appointment. On the same day, appellee was appointed special administrator of said estate. His application for said appointment was substantially the same as that of Clara Copeland. In October, 1894, appellee filed an inventory of the household goods, which were appraised at $433.83. He afterwards, on July 19, 1895, filed a petition, and procured an order of court to sell the same. In 1896, pursuant to said order, appellee sold said household goods, —appellant buying a part thereof,—which sales were approved by the court. Said appellee was informed that appellant and his father were engaged in business as partners under the name of John F. Bruning & Son, and that there was an unsettled partnership account between said estate and appellant, upon the settlement of which there would be due said estate a large sum; and he was advised by his counsel that it was his duty to bring suit against appellant for an accounting and to collect the same.

On June 27, 1895, after the case of Clara Copeland against appellant in the United States Circuit Court had been dismissed, under advice of his counsel, appellee commenced said action against said appellant and made Clara Copeland and her husband parties thereto, to answer to their interest in certain alleged partnership real estate in which said Clara Copeland claimed an adverse interest. By the issues in said cause, the questions were raised: (1) Did John F. Bruning, in 1889, sell all of his interest in the partnership property of the firm of said John F. Bruning & Son to the appellant? (2) If he did, was he at the

time a person of unsound mind? (3) Was said contract made by said John F. Bruning, secured by undue influence on the part of appellant, or any one on his behalf?

The venue in said case was changed to Jennings county, where a trial of the cause resulted in a judgment in favor of appellant against appellee for costs, payable out of the assets of the estate of John F. Bruning, deceased; the court finding and adjudging all of said issues in favor of appellant, thus establishing said contract of 1889, under which appellant claimed to own all the partnership property. Appellant moved the court to modify said judgment for costs so as to make the same a personal judgment against John M. Golden, and not payable out of the assets of said estate, which motion was overruled.

The items in the partial and final reports of appellee to which appellant filed exceptions were for the expenses incurred and paid in the sale of said personal property, and stenographer's fees, abstract fees, and court costs paid in the case against appellant for an accounting above mentioned, and for appellee's services as special administrator. Each of said items of expense was excepted to by appellant on the grounds: "(1) That said special administrator had no power or authority in law to sell said personal property for any purpose; (2) that there was no necessity for such sale, because there were no debts of said decedent, or expenses of administration, requiring such sale; (3) that said suit was not within the purview of said special administrator's duties, and was prosecuted by him for and on behalf of said Clara Copeland, and without any sufficient *prima facie* ground, and not for the benefit of said estate."

It is evident from the record that the court below found that John M. Golden, appellee, was appointed special administrator of said estate under the provisions of §2393 Burns 1901, §2239 R. S. 1881 and Horner 1901, and not under §2391 Burns 1901, §2237 R. S. 1881 and Horner 1901. The application for the appointment of said Golden

showed that John F. Bruning died testate, and that his will was being contested, and authorized the appointment under §2393, *supra.*

We think the court was fully justified in finding that appellee was appointed special administrator of said estate under said §2393, *supra,* which provides: "When any person shall have died testate, and notice of contest of the will of said testator shall have been given, as required by law, it shall be lawful for the proper court to appoint a special administrator, who shall proceed to collect the debts due said testator, by suit or otherwise, and to sell the personal property of said testator, and also to pay the claims against his estate, in the same manner and under the same regulations as are now required of administrators of intestates, so far as the same may be done consistent with the terms of such will." This section was enacted in order that actions to contest wills might not unnecessarily delay the settlement of estates. It should receive a construction consistent with such intent. Under its provisions a court may appoint a special administrator whose duty it is to proceed with the collection of debts, the sale of personal property, and the payment of claims against the estate, the same as is required of an administrator of an intestate, and have the same as near ready for settlement and distribution by the time the will contest is determined, as is possible. Said section expressly authorized appellee, as special administrator, to sell the personal property of said deceased.

A general administrator has power to collect debts due the deceased, by suit or otherwise. This includes the power to bring an action for an accounting against a surviving partner, or to set aside transfers of personal property made by the deceased during his lifetime, on account of his unsoundness of mind, or the same having been obtained by undue influence or fraud. 2 Lindley, Part. (Am. ed.), 492, 493; Parsons, Part. (4th ed.), §406; Collier's Law

of Part., 286; George, Part., 334, and note 112; 17 Am. & Eng. Ency. Law. 1277; Schouler's Exrs. and Adm. (2d ed.), §§252, 296; Croswell's Exrs. and Adm. (1897), 236; *Sears* v. *Carrier*, 86 Mass. 339; *Derrick* v. *Emmens*, 14 N. Y. Supp. 360; *Eubanks* v. *Dobbs*, 4 Ark. 173.  By said §2393 Burns 1901, §2239 R. S. 1881 and Horner 1901, the same power is given to special administrators appointed under the provisions thereof.  *Tomlinson* v. *Wright*, 12 Ind. App. 292, and *State, ex rel.*, v. *Tomlinson*, 16 Ind. App. 662, 59 Am. St. 335, cited by appellant, were decided under said §2391 Burns 1901, §2237 R. S. 1881 and Horner 1901, and are not in point here.

It is the duty of an administrator to protect and preserve the property of the estate, and to bring all necessary suits for that purpose, and to collect the debts of the estate, and if he is defeated in such actions he is not liable for costs in his individual capacity, but the same are payable out of the assets of the estate, and any judgment for costs must be so rendered.  §2446 Burns 1901, §2291 R. S. 1881 and Horner 1901; *Mackey* v. *Ballou*, 112 Ind. 198.

It will be observed that the Jennings Circuit Court, in the action against appellant for an accounting, rendered judgment for costs against appellee, payable out of the assets of the estate of John F. Bruning, and overruled a motion of appellant to modify the same and render judgment for costs against appellee in his individual capacity. It has been held that such a judgment fixes the liability of the estate, and is not subject to collateral attack.  *Chicago, etc., R. Co.* v. *Harshman*, 21 Ind. App. 23, 27, and cases cited.

It is also settled that when an administrator exercises reasonable care, and in good faith prosecutes and defends cases for the collection of debts and the protection and preservation of the property of the estate, he is entitled to have the costs and reasonable expenses thereof allowed as credits in his settlements, even though he may have failed

in such actions or defenses. *Mackey* v. *Ballou,* 112 Ind. 198; Thornton & Blackledge, Adm. and Set. of Estates, §76, p. 191; Henry's Probate Law, §§480, 481; Woerner's Am. Law of Adm. (2d ed.), bottom p. 1149, and note.

In the case last cited, Mackey was appointed administrator of the estate of Bailey, and took possession of his personal estate for the purposes of administering the same. Bailey had devised all of his real estate to his wife for life, with remainder to Peter Morton and his wife Mary, who was the testator's granddaughter. Bailey had also executed a writing by which he conveyed and transferred his personal estate to Peter and Mary Morton, making them the owners and entitled to the possession thereof. Peter and Mary Morton brought suit against Mackey in his individual capacity, for the possession of said personal property and were successful. By the issues in the case the question was raised as to whether or not Bailey was of sound mind at the time he made his will and executed the bill of sale of the personal property to the Mortons, and that issue was determined in the affirmative and the validity of those instruments established. Mortons recovered a judgment for costs against Mackey personally. Mackey as such administrator claimed an allowance against said estate for $216 costs made and adjudged against him in said action, and the same was allowed by the court. The effect of the allowance was to compel payment of said costs out of the property given by the will to the Mortons, the parties who recovered said property from Mackey. On application, the allowance was set aside, Mackey appealed, and the judgment setting aside the allowance was reversed. This court said, at pages 202, 203: "The statute provides that an administrator shall have full power to maintain any suit in his name as such administrator, for the recovery of possession of any property of the estate, and that he shall not be liable in his individual capacity for any costs in such suit. §2291 R. S. 1881. See, also, *Evans* v. *Newland,* 34

Ind. 112; *Cavanaugh* v. *Toledo, etc., R. Co.*, 49 Ind. 149.
The spirit of the act requires, also, that the administrator
shall not be held personally liable for costs which may ac-
crue in a defense against claims of others to property which
he may have taken possession of as the property of the es-
tate. Clearly the administrator is not bound to abandon
property upon every claim made to it by others. It is his
duty to protect the property and preserve it for the estate by
all proper means, including a proper defense in a litiga-
tion; and for the costs in such a defense he ought not to be
made personally liable. Of course, it will be expected that,
in engaging in or conducting such defense, he will exercise
reasonable care and act in good faith. Here, neither want
of reasonable care nor bad faith is charged upon the admin-
istrator. He took possession of the personal property, as
he alleges, believing in good faith that it was property be-
longing to the estate. Appellee seems to base his case
solely upon the grounds that the Mortons prosecuted their
action against appellant in his individual, and not in his
representative, capacity, and that the costs in the action
were adjudged and taxed against him in his individual, and
not in his representative, capacity. An administrator has
no way of compelling others instituting actions of replevin
against him for personal property to institute them against
him as administrator. And the fact that in such actions in-
stituted against him in his individual capacity, the costs
may be taxed against him personally, would not seem to be
a sufficient reason for not allowing them as a claim against
the estate by the probate court. Such an allowance, doubt-
less, may be refused where there is bad faith or culpable
negligence in the bringing of, or defending against, actions;
but, as we have said, nothing of the sort is sufficiently
charged here."

It is evident, under the law declared in said case, that
appellee was entitled to credit for said disbursements for
costs and expenses and for his own services unless it is

shown that there was "bad faith or culpable negligence" in bringing said action against appellant.

The law in this State provides for the settlement of decedents' estates by executors and administrators, and the general rule is that actions on behalf of the estate can only be maintained by an executor or administrator. *Jewell* v. *Gaylor,* 157 Ind. 188, and cases cited; *Jester* v. *Gustin,* 158 Ind. 287, and cases cited. There are exceptional cases, however, where, on account of fraud or collusion between the executor or administrator and surviving partner, or the executor or administrator is the surviving partner, that the widow, heirs, legatees, or other persons interested may maintain the action. 17 Am. & Eng. Ency. Law, 1277, 1278.

It is true that when an estate is not indebted, and there is no executor, administrator, widow, or other person entitled to control or share in the claims due the estate, the heirs may sue and collect the same, or may maintain an action against a surviving partner of the deceased for an accounting. *Jewell* v. *Gaylor, supra,* and cases cited; *Jester* v. *Gustin,* supra; 17 Am. & Eng. Ency. Law, 1277, 1278. Where, however, heirs attempt to settle an estate, and there is a dispute, we see no reason why an executor or administrator may not be appointed to settle the same. If one is appointed under such circumstances, it is his duty to proceed with the settlement of said estate, and bring all actions and take all the steps necessary for that purpose. If there is any reason why he should not have been appointed, or why the estate should not be administered, it can only be presented by an application to set aside the appointment; but until this is done, and the appointment set aside, it is the duty of the executor or administrator to discharge the duties imposed by law. All costs and expenses incurred in the discharge of these duties, when he exercises reasonable care and acts in good faith, are proper charges against the estate.

Appellant contends that executors and administrators have no authority to litigate adverse claims of heirs, legatees, devisees, or claimants; that any recovery against him would be for the sole benefit of his sister Clara Copeland; and that neither a general or special administrator has the power to prosecute suits against one heir for the sole benefit of another heir; and the costs and expenses incurred or paid in such suits by the administrator are not a proper charge against the estate,—citing authorities. All that the cases cited by the appellant hold is: (1) That an administrator can not represent either side of a contest between heirs, devisees, or legatees contesting for the distribution of an estate; that he can not litigate the claims of one set against the other. His duty is to preserve the estate and distribute it as the court shall direct. *In re Jessup's Estate,* 80 Cal. 625, 22 Pac. 260; *Roach v. Coffey,* 73 Cal. 281, 14 Pac. 840; *Estate of Marrey,* 65 Cal. 287, 3 Pac. 896; *Estate of Wright,* 49 Cal. 550; *Bates v. Ryberg,* 40 Cal. 463; *In re Dewar's Estate,* 10 Mont. 422, 424, 426, 25 Pac. 1025. (2) A receiver should not advocate the cause of one claimant against another. Between them he is indifferent, owing a like duty to all, and for that reason should, as far as possible, see to it that each has an equal opportunity to enforce his claim. *American, etc., Bank v. McGeltigan,* 152 Ind. 582, 587, 71 Am. St. 345. (3) The successful contestant of a will is not entitled to have the extraordinary expenses of the contest paid out of the estate where the contest was for his benefit alone, the proportions of the other heirs being diminished by the rejection of the will. Where, however, the executor named in the will, in good faith and upon reasonable grounds, has endeavored to probate it, he is entitled to have any extraordinary expenses, such as his attorney's fees and other incidental costs, paid out of the estate, although the will be rejected; but where one, merely as devisee or as a curatrix of the estate of a decedent, attempts to set up a will which is rejected, he is not entitled

to have the expenses of the litigation paid out of the estate. *Taylor* v. *Minor,* 90 Ky. 544, 14 S. W. 544. (4) Where one is an executor and also a beneficiary under the will, and employs counsel to uphold the will against a contest in which the will is set aside, it is proper for the court to apportion the counsel fees as between such person in his individual capacity and as executor. *Roll* v. *Mason,* 9 Ind. App. 651. None of these cases sustains appellant's contention here. They only go to the contests between heirs and legatees and creditors as to the distribution of the funds in the hands of an executor, administrator, or receiver, and to contests of wills.

In such cases it is clear that the custodian of the funds can not take any part in such controversies, or pay out of the funds in his hands any costs of suits by any one of such parties against the other. The estate has no interest in such controversies. Here, however, the claim against appellant, if any, was due the estate of John F. Bruning, and not Clara Copeland. Whatever interest she had therein was as heir or legatee, depending on the probate of the will. The right of action was in the special administrator so long, at least, as the action to contest the will was pending, and not in Clara Copeland. The controversy was not in regard to her interest in the amount of the personal estate of John F. Bruning, deceased, for distribution, but what amount, if any, was due the estate of John F. Bruning, deceased, from appellant, surviving partner, on an accounting and final settlement of the partnership of John F. Bruning & Son. Such claim, if any, was an asset of the estate. In bringing the action, appellee did not take the side of appellant's sister. He took the side of the estate, and brought the action to enforce its rights. It is true, if the special administrator had recovered a judgment in such action, the assets of the estate would have been increased thereby. But while Clara Copeland's interest in the estate would

have been increased by one-half the amount of such judg-
ment, appellant's interest in the estate would have been
increased the same amount.   This is true in all cases where
there is a controversy as to whether an heir, legatee, or de-
visee is indebted to the estate, by a promissory note or other-
wise.   A judgment thereon in favor of the estate may in-
crease the amount for distribution, at the expense of the
heir, devisee, or legatee against whom the same is rendered.
But his interest in the estate is not necessarily reduced
thereby.   Such actions may benefit the other heirs, legatees,
or devisees, by increasing the amount for distribution, but
that is no reason why the fees of the attorney of the ad-
ministrator or executor in such case should not be paid
out of the assets of the estate; and, in case the claim is
defeated, the fact that the payment of the attorney's fees
and costs out of the estate may diminish the share of the
one against whom the action was brought is no reason for
not allowing the same as a credit to the executor or admin-
istrator bringing the action, in his settlements.   The pay-
ment by the estate of costs and expenses of such actions,
whether gained or lost, is governed by the same rules as in
actions against strangers.

It is next insisted that as appellant has recovered in the
United States Circuit Court a decree enforcing an equitable
lien against all the real estate devised to Clara Copeland
by the will of her father for $8,546.44, money paid by ap-
pellant as surety, and for taxes paid by appellant, and for
excess of rent received by her since her father's death, which
is more than the property devised to her is worth, that,
therefore, the effect of an allowance of said contested items
is to compel appellant to pay the whole amount thereof, and
that the same should not be approved for that reason.   If
the special administrator is entitled to be paid out of the
assets of the estate of John F. Bruning, deceased, the fact
that such payment will reduce the amount that can be ap-
plied to discharge the decree in favor of appellant against

Clara Copeland is not material. Heirs and legatees are not entitled to anything until the costs of administration have been paid. Clara Copeland's share of said estate is liable for its proportion of said contested items, and the allowance thereof does not compel appellant to pay the same, but merely reduces the fund or property out of which his decree against Clara Copeland is to be paid.

Whether or not appellee exercised reasonable care and acted in good faith in commencing and prosecuting said action against appellant was a question of fact, which was determined by the trial court in favor of appellee. As there is evidence to sustain such finding, the same is not open to review here.

Judgment affirmed.